# Exhibit 4

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE

| | |
|---|---|
| JAMES WALKER,<br>    Complainant,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>  AGENCY<br>    Agency. | EEOC Case No. 100-A1-7258X<br>Agency Case Nos. 98-0092-HQ; 99-0025-HQ;<br>99-0031-HQ<br><br>April 24, 2001 |

### DECLARATION OF FRANCINE BUTLER

I, Francine Butler, make the following statement, with knowledge that any knowing material false representation on my part, would subject me to a charge of perjury.

It is my understanding that Complainant alleges that he was discriminated against on the basis of his race and for reprisal for his prior equal employment opportunity (EEO) advocacy when he was not selected for the position of environmental scientist in the Office of Children's Health Protection (OCHP) under Vacancy Announcement No. 8-OA-9014. At the time of this announcement, I was employed in the Office of Human Resources and Organizational Services as a personnel management specialist on the Human Resources Staff for the Office of the Administrator. In that capacity, I was responsible for preparing and publishing Vacancy Announcement No. 8-OA-9014.

Prior to publication of that vacancy announcement, I knew that Margaret Kelly, a Regulatory Affairs Team Leader in OCHP, would be acting as the Subject Matter Expert. Prior to publication of the announcement, however, I did not share any of the solicitation materials with Ms. Kelly. In fact, I did not provide any relevant documents to Ms. Kelly until after the close of the application period, at which time, I forwarded to her the submissions from each of the nine candidates for the environmental scientist position. Thus, Ms. Kelly could not have known the identity of any applicant until after the close of the application period.

To the extent there is some suggestion that Ms. Kelly noted her disagreement with the "health physics" evaluation criteria at a point in time at which she knew the identities of any of the applicants, that would be possible only if her concern arose after the closing of the application period. Prior to such time, I would not have disclosed any applicant information to her.

It is my understanding that Ms. Kelly examined Vacancy Announcement No. 8-AO-9014 subsequent to my publication of it, but prior to the close of the application period. Such a



EXHIBIT 4

practice would have been normal procedure and would have allowed Ms. Kelly to familiarize herself with the particulars of the job for which she would be evaluating candidates. Thus, if Ms. Kelly followed the routine procedure, she would have identified her concern with the "health physics" evaluation criteria prior to ever being advised of the identities of the applicants.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on April 24, 2001.

*Francine Butler*
Francine Butler
Lead Personnel Management Specialist]
Office of Human Resources and Organizational Services
Human Resources Staff for the Office of the Administrator