# Exhibit 19



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
WASHINGTON FIELD OFFICE
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

| | |
|---|---|
| James T. Walker,<br>    Complainant, | EEOC No.   100-A1-7285X |
| v. | |
| Christine Todd Whitman,<br>Administrator,<br>Environmental Protection Agency,<br>    Agency. | Agency No.   98-0092-HQ<br>99-0025-HQ<br>99-0031-HQ |

## DECISION

**COMPLAINT NOS. 98-0092-HQ & 99-0031-HQ**

Complaint numbers 98-0092-HQ and 99-0031-HQ were filed by Complainant on the same bases and issues alleged in a pending class complaint (Agency No. 2001-0025-HQ) and thus are subsumed within the class complaint. If the class complaint is dismissed at the certification stage, the individual complaints may still proceed, unless the same or another basis for dismissal applies. If the class proceeds to a hearing, the individual claim may be presented by the class representative at the liability stage of the process, or it may be presented at the remedy stage by the Complainant. Equal Employment Opportunity Management Directive for 29 C.F.R. part 1614 Nov. 9, 1999 ("MD-110") at 8-4. Accordingly, complaint numbers 98-0092-HQ and 99-0031-HQ are returned to the Agency to be held in abeyance pending the outcome of the class complaint. The class action is being processed under EEOC number 100-A1-7993X.

**COMPLAINT NO. 99-0025-HQ**

On March 28, 2001, the Agency filed a Motion to Dismiss complaint number 99-0025-HQ Complainant did not file a response. Upon consideration of the entire record before me in this matter

which consists of the Agency's Motion and the Investigative Report, I GRANT the Agency's Motion to Dismiss complaint number 99-0025-HQ for failure to state a claim.

In a complaint dated December 18, 1998, Complainant alleged that he was discriminated against on the bases of race (African American), color (brown) and sex (male) when on August 27, 1998, he was involuntarily placed on administrative leave for one day and two hours resulting from a complaint lodged against him by a female summer intern. The intern was also required to remain away from work for the same time period. I find that the complaint fails to state a claim under 29 C.F.R. Part 1614 because Complainant has failed to identify a harm or loss with respect to a term, condition, or privilege of his employment as a result of the above cited incident. Specifically, the record reflects that no disciplinary action was taken against Complainant and that he was paid administrative leave for the time lost from work. *See Evelyn Major v. Department of the Army, EEOC Appeal No. 01A04240 (2001).*

Accordingly, complaint number 99-0025-HQ is dismissed pursuant to 29 C.F.R. §§1614.107(a)(1) and 1614.109(b) for failure to state a claim.

### NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109. **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the

Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Fax No. (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. <u>See</u> 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

Date: September 25, 2001

*A. Tonya Ellington Odom*
A. Tonya Ellington Odom
Administrative Judge

3