Exhibit 22

Case 1:05-cv-02118-RMC  Document 7-24  Filed 02/21/2006  Page 1 of 9



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
OFFICE OF RESEARCH AND DEVELOPMENT
National Center for Environmental Assessment
Washington, DC 20460

NCEA Washington Office (8623)

December 3, 1998

## MEMORANDUM

**SUBJECT:** Official Letter of Reprimand

**FROM:** Michael A. Callahan, Director
National Center for Environmental Assessment
Washington Office

**TO:** James T. Walker, PhD
National Center for Environmental Assessment
Washington Office

This letter informs you that you are officially reprimanded for refusing to comply with instructions, for misrepresenting your status as an official representative of the Agency conducting official business, and for misuse of Agency letterhead for unauthorized business. The circumstances which make this reprimand necessary are as follows:

On October 29, 1998, you sent a letter on Agency letterhead to Dr. Clayton Mote, President of the University of Maryland. Giving the false impression that you were acting in an official capacity on behalf of EPA, you made allegations regarding Ms. Kathleen Reed. You alleged that she may be a felon and you raised suspicion regarding her credentials as presented in her resume. To this, you further accused her of trying to influence, " .... me, a 'government official'...." Furthermore, on behalf of EPA you demanded certain personnel-related information about Ms. Reed from the University, and then went on to threaten them with an investigation by EPA's Inspector General if they failed to comply. Finally, you implied that a University faculty member, Dr. Tony Whitehead, conspired with Ms. Reed in inappropriate behavior and actions during her tenure at EPA.

By sending this letter, you not only misrepresented yourself as speaking for the Agency, but you also failed to comply with specific instructions from your management concerning your further interactions with Ms. Reed. On August 31, 1998, you were given, via Agency email and hard copy, a letter from Charles Ris, Deputy Director of NCEA, which was co-addressed to Kathleen Reed (Attachment A). In this letter, you were instructed to cease any further interaction

with one another. Emphasis was placed on this instruction by directing you, " .... don't do anything to antagonize, 'act-out' residual anger or frustration, or it will be a disciplinary matter."

On September 2, 1998, Charles Ris sent you another email (Attachment B), which served as a response to your request that an investigation be done regarding your complaint about defaming language used by Ms. Reed in an incident on August 27, and your concern that such language or a record of the incident not be put into your personnel file. Mr. Ris basically explained that the EPA Labor Relations Staff's investigation of the incident would be unlikely to be recorded in your official personnel file, but that in any case, we would not open a second investigation while the Labor Relations Staff was looking into the incident. In this same email, you were told that your outside involvement – as a private citizen – with the University of Maryland did not concern the Agency, but it was added, " ... though if someone drags EPA into it or if it is perceived that EPA is involved, we might have to reply."

On September 9, 1998, Tonya Hamlett of the Labor Relations Staff of the Office of Human Resources and Organizational Services spoke with you on the phone and advised you to not have any contact with Ms. Reed, whether verbal, written or otherwise (see Attachment C). Ms. Hamlett also advised you not to represent yourself as acting on behalf of EPA when dealing with a University of Maryland administrative hearing involving Ms. Reed.

You had therefore been previously warned that failure to comply with instructions of ceasing contact, refraining from doing anything to antagonize the situation, and misrepresenting yourself as acting on behalf of or involving the Agency would result in a disciplinary action. Despite your receipt of a memorandum from Ms. Hamlett, dated October 28, 1998, informing your management that the case was closed and no recommendation for action would be forthcoming due to insufficient evidence (Attachment D), and despite our own assurances that no action would be taken if the matter was dropped, you refused to drop this matter.

Your failure to comply with management's instructions is unacceptable behavior and undermines management's authority. Further, your failure to comply with Agency policy concerning unauthorized use of the Agency letterhead created the false and misleading impression that your demands of the University of Maryland were part of an official inquiry on behalf of EPA. Your threat of adverse consequences to be taken by EPA for failure to follow your unauthorized request is a serious matter which compromises the Agency's integrity in dealing with the public. This behavior cannot be tolerated, and if it continues, will result in further adverse personnel action.

Separate and apart from the actions which are the subject of this reprimand, we will refer the allegations you made concerning Ms. Reed for appropriate action. You are not, and were not, officially designated to speak for the Agency on this matter and it would have been more appropriate to raise these issues with your management. We are also notifying the University of Maryland to disregard your letter in its entirety. Any further actions the Agency may take regarding Ms. Reed will depend on the outcome of our review of the allegations.

I sincerely regret having to send you this letter, but your choices and actions have left no alternatives. Agency guidelines provide for penalties up to and including removal from your job for unauthorized letters such as yours. A letter of reprimand such as this one is a minimal disciplinary action, but one not to be taken lightly. The Agency investigation of your allegations concerning Ms. Reed is a matter that will take place through official channels; you will probably not be notified of the outcome. I trust that this whole situation with Ms. Reed can be closed as far as you are concerned, and that you will focus on the assignments you have.

A copy of this reprimand will be filed in your official personnel folder, as required by the Agency, for a period not to exceed two years. In addition, you are being referred by the Agency to:

1) Pam Parker, 202/260-4420, of the Employee Counseling and Assistance Program for counseling due to your inability to assess the situation you are in and move on without further incident; and

2) Don Nantkes, 202/260-4556, of the EPA Ethics Program for training on EPA ethics and conduct expected of a Federal employee of the Executive Branch.

You may file a grievance concerning this action in accordance with Article VII of the Collective Bargaining Agreement between NTEU and Agency-Headquarters, which allows 28 days for filing grievances. You may obtain further information about Agency grievance procedures from Tonya Hamlett, 202/260-0031. If you believe this action is being taken because of discrimination based on race, color, national origin, handicap, age, and/or reprisal, you may file a discrimination complaint with the Agency by contacting an EEO counselor within forty-five (45) days of your receipt of this letter of reprimand in accordance with the procedures contained in Title 29, Code of Federal Regulations, Part 1614.

Attachments

ATTACHMENT A

Subject: The Rules
From: Charles Ris
To: Doctor James Walker
cc: Bob Sonawane
Via LAN 8/31/98 4:41 pm

Please read and abide by the attachment.

Attachment:
RECORD: August 31, 1998

To:     Jim Walker, NCEA Employee
        Kathleen Reed, On Site Grantee

From:   Charles Ris
        Deputy Director, NCEA-W

Subject: Post Complaint Actions

General Statement: The alleged event of last Thursday, 29 August 1998, is over and henceforth neither party should approach the other about the matter, in any manner, in our offices. Whatever did happen is unfortunate for <u>both</u> of you, but it can stop right here. It may even be a lesson for the future in more effectively working out disputes/disagreements. In our pursuit of maintaining a professional and safe office environment, we have instituted the following procedures to help quell this issue. Necessarily, each of you must follow these procedures or be subject to formal action by EPA.

1. Neither Ms. Reed nor Dr. Walker should have any further interactions with each other. An accidental encounter should be silent or only a brief and civil good morning/good afternoon. No discussion of anything should occur. This office (808 17th Street, any floor) is to be neutral ground for both parties to carry on their normal business. If one of the parties violates this, it should be reported by the other to (1) Bob Sonawane, (2) Charles Ris (or John Schaum in Mr. Ris' absence from Sept 2-10). If an episode occurs, the offending party will be formally disciplined in a manner appropriate manner to the persons status with EPA. In other words, stay away from each other and don't do anything to antagonize, "act out" residual anger or frustration, or it will be a disciplinary matter.

2. Just to be perfectly clear...Dr. Walker is no longer responsible/accountable in any manner for Ms Reeds "ECO" project this summer, nor does Ms Reed have any reason to work with Dr. Walker. NCEA ECO project matters will be taken over by someone else (Sonawane or Ris) as the need arises.

3. If by chance you wish to apologize to each other without blame or admit to some type of misunderstanding, we will be pleased to facilitate that, but let us facilitate it.

4. We expect an outcome/product from Ms. Reed. At her request, Ms Reed may continue beyond her Sept 11 project date, for up to an extra 10 working days (at no cost to NCEA-EPA). The cubicle Ms Reed uses should be vacated no later than Sept 25, and earlier if possible.

5. We will review these matters in two weeks time. This may or may not coincide with a wrap-up to the Labor Relations Office's examination of the matter.

We trust that these actions will facilitate a cooling off while useful NCEA work continues. We hope the underlying disagreements and recent behaviors of both parties will be remedied in a manner useful to all. Blame or authenticity to the alleged 29 August, 1998 encounter can not and should not be ascribed to this note or its contents. We in NCEA Mangement take these actions to insure a professional and safe work environment, and not to judge, assign blame or cause.

cc    Tonya Hamlett
      Art Payne
      Bob Sonawane, John Schaum

ATTACHMENT B

Subject: Your Complaint Request
From: Charles Ris
To: Doctor James Walker
cc: Bob Sonawane
Via LAN 9/2/98 10:07 am

Jim: This is my response to your request of me (a second line supervisor) to investigate your complaint about provocative (my word) language from Ms Reed.

There seem to be no options for a supervisor, in this case, to implement an "investigation" on your behalf. This is because, the matter, has no standing, at this time, since it is only a labor relations matter, (e.g., two people having some difficulty which probably has some aspects of anxiety causing behavior, perhaps even from both parties. There is nothing to appeal or grieve since no adverse action has been taken by NCEA or EPA. We have taken management action to change the environment to try and stem any future events, but this is not adverse, it is within our normal prerogatives.

Further more, there is no assignment of cause or blame at this time by us in NCEA, nor do I perceive such is happening by the Labor Relations folks. The Labor Relations folks (Tonya Hamlett, et al) are continuing to document the event for their purposes, as is their prerogative, but the outcome is meant to be helpful in improving labor relations. They may have some additional recommedations in the future, we'll have to see. As far as I know this matter has not and will not be recorded in the official personnel file, unless we have to take some future disciplinary action because of a future event (since we all seem to agree that no one wants a future event we should have no reason therefore to take any action).

The harm (e.g., embarrassment perhaps) that you perceive is something that we are sympathetic to, but it is a matter for you to wrestle with or perhaps let erode away as these things will do. We can suggest some counseling to help with that aspect.

So what does all this boil down to...I really have no way to process your complaint. A personal suggestion is that you can, I'm sure, provide to Tonya Hamlett a statement of what happened and your complaint, and this could be placed in the folder they have. If you wish I will forward such a statement to her, though I would just be a pass through and make no comment about it.

The alleged event is a thing of the past in this office, its over! Let it go if you can do so. What you do outside of EPA with the University controversies is none of our business, though if someone drags EPA into it or if it is perceived that EPA is involved, we might have to reply.

That's about it..I hope this will be useful.

B-1

ATTACHMENT C

NOTE: (Typed 12/3/98 from document @ Tab 16 in NCEA File for use with letter of reprimand to be issued on 12/3/98)

MEMO TO FILE
FROM: Tonya Hamlett
9/9/98

Spoke w/Mr. Walker and explained to him that he should not have **any** contact w/Ms. Reed, whether it be verbally, in writing, or physically. NADA! Explicitly told him that whatever kind of administrative procedure was going on @ the college had nothing to do w/EPA. He should not represent himself as acting on behalf of EPA, whether he's for or against Ms. Reed. He was adamant re: "righting this wrong", and exacting revenge. Asked if he understood. He said he did.



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

ATTACHMENT D

OCT 28 1998

OFFICE OF
ADMINISTRATION
AND RESOURCES
MANAGEMENT

## MEMORANDUM

SUBJECT: Status of Informal Investigation

FROM:   Tonya Hamlett  *Tonya Hamlett*
        Labor Relations Staff
        Office of Human Resources
          and Organizational Services/OARM   (3601)

TO:     Babasaheb (Bob) R. Sonawane, Director
        Effects Identification and Characterization Group
        National Center for Environmental Assessment
          – Washington Office   (8623D)

This memorandum is to communicate to you that the investigation of the incident which occurred on August 27, 1998, at 808 17th St., NW, Washington, DC, is concluded. There was insufficient evidence upon which to base a recommendation for action. Accordingly, please be advised the case is hereby closed.

cc:    Charles Ris, Deputy Director
       National Center for Environmental Assessment – Washington Office   (8623D)

       Art Payne
       Acting Deputy Director for Management
       National Center for Environmental Assessment   (8601D)

       James T. Walker
       (8623D)

Recycled/Recyclable • Printed with Vegetable Oil Based Inks on 100% Recycled Paper (40% Postconsumer)