IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES T. WALKER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2118 (ESH) |
| STEPHEN JOHNSON, Administrator, U.S. Environmental Protection Agency, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A
CONTINUANCE TO CONDUCT DISCOVERY**

Plaintiff initiated this action on October 31, 2005, alleging that his employer, the United States Environmental Protection Agency ("EPA") discriminated against him on the basis of his race, sex, and his filing of prior administrative discrimination complaints in the following six ways: 1) questioning and placing him on ten hours paid administrative leave when Plaintiff and a female student intern engaged in an altercation (see Complaint "Compl." at 4-5); 2) issuing Plaintiff a written reprimand for failing to follow management direction and for use of EPA letterhead for unauthorized business when Plaintiff sent a "letter of inquiry" to the University of Maryland, the student intern's university, accusing the intern and a University official of criminal acts (see Compl. at 6-7) ; 3) allowing that letter of reprimand to allegedly remain in Plaintiff's personnel file for the full recommended two-year period rather than removing it earlier (Compl. at 7-8); 4) making an EPA agency counsel aware of the letter of reprimand (Compl. at 8-9); 5) sending an admonishing email to Plaintiff in response to Plaintiff's "global" email accusing

certain EPA management of "conflicts of interest" in the issuance of cash awards (Compl. at 9-10); and by 6) eliminating an evaluation factor from a particular vacancy announcement for which Plaintiff applied, where all the applicants were evaluated absent this criterium, and Plaintiff failed to make the "best qualified" list. (Compl. at 11-12).

Because Plaintiff's allegations, even if accepted as true, fail to rise to the level of adverse actions or create an inference of discrimination, Defendant filed a motion to dismiss Plaintiff's complaint, or, in the alternative, for summary judgment on February 21, 2006. (R.7).[1]  On February 22, 2006, this Court ordered Plaintiff to respond to Defendant's motion by March 22, 2006. (R.8).

Rather than opposing Defendant's motion, on March 22, 2006, Plaintiff filed a motion "for a continuance to conduct discovery," pursuant to Federal Rule of Civil Procedure 56(f), in which Plaintiff explains that he is not able to respond to Defendant's motion because his copies of the administrative records pertinent to his claims in this suit were destroyed by tornado on April 28, 2002. (R.9 at 3). Plaintiff also indicates that he "challenges" most if not all of the factual representations made in Defendant's motion and supported by record evidence in this case and "requests discovery so that he can prove" a series of conclusory statements and allegations that either bear no relevance to the legal sufficiency of Plaintiff's allegations or have no stated or apparent way of being established. (See R.9 at 5-13). Plaintiff further lodges several "challenges" to the Declaration of Tonya Hamlett, (R.7 Exhibit "Exh." 12), which, again, are immaterial to the legal sufficiency of Plaintiff's claims. (R.9 at 13-16). Finally, Plaintiff

---

[1] An "R." followed by a number describes a document by reference to its placement in the Court's docket.

requests a thirty-day extension within which to file his opposition to Defendant's motion. (R.9 at 1).

Defendant is at a loss as to why, in light of the destruction of Plaintiff's documents nearly four years ago, he initiated this action without requesting additional copies of his administrative records from the agency. Moreover, Plaintiff also failed to make such a request after he was apprised on or about January 10, 2006, that Defendant intended to file a dispositive motion in this case, when undersigned called the Plaintiff to request his position on her motion for an extension of time.

Regardless, on March 28, 2006, Defendant mailed the pertinent administrative records to Plaintiff's home address. Thus, Plaintiff will shortly be in possession of the documents he requests in order to respond to Defendant's motion. (See R.9 at 4 (list of requested documents); 5-6 (request for application materials); 7 (identities of those on the "highly qualified" list) ). Furthermore, although Plaintiff failed to consult undersigned, as required by Local Rule 7(m), regarding his request for an extension of time, and Plaintiff previously opposed Defendant's like motion, Defendant does not object to Plaintiff's request for an additional thirty days within which to respond to Defendant's motion.

Plaintiff, however, is entitled to no additional discovery beyond the administrative record, because he has failed to satisfy the requirements of Rule 56(f). As the case cited by Plaintiff in his motion, in which the Court denied discovery in an employment discrimination case, makes clear, a plaintiff cannot obtain discovery pursuant to Rule 56(f) by "simply assert[ing] that 'certain information' and 'other evidence' may exist and may be obtained through discovery," but must declare "what additional evidence might be discovered that will provide the support

3

plaintiff needs to raise genuine issues of material fact." Richardson v. National Rifle Association, 871 F.Supp. 499, 502 (D.D.C. 1994) (citing in part Keebler Co. v. Murray Bakery Products, 866 F.2d 1386, 1389 (Fed. Cir. 1989)). See Strang v. United States Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989), remanded 722 F.Supp. 805 (D.D.C. 1989), vacated on other grounds, 920 F.2d 30 (D.C. Cir. 1990) (plaintiff must adequately explain "why, at [this] point in time, [he] cannot present by affidavit facts needed to defeat the agency's motion for summary judgment," and how the specific discovery requested will uncover information that would create a genuine issue of material fact); Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir.), cert denied, 528 U.S. 876 (1999) (discrimination plaintiff is required to indicate what facts she intends to discover that would create a triable issue and why she could not produce them in opposition to motion). "It is well settled that [c]onclusory allegations unsupported by factual data will not create a triable issue of fact." Exxon Corp. v. FTC, 663 F.2d 120, 126-127 (D.C. Cir. 1980) (internal quotation omitted).

Defendant's motion to dismiss Plaintiff's complaint is based on Plaintiff's failure to exhaust his administrative remedies and the fact that Plaintiff's allegations fail as a matter of law to constitute "adverse actions" cognizable under Title VII. (R.7 at 6-12). Any claim advanced by Plaintiff that he timely raised all his complaints with the agency will not create a triable issue and defeat Defendant's motion, because the allegations will remain legally insufficient. However, once Plaintiff has received the administrative record, he will have whatever support is available to further such a claim of exhaustion. (See R.9 at 8, 13).

Moreover, Plaintiff's request to obtain broad and undefined discovery from unexplained sources regarding why he was reprimanded (R.9 at 10), why he sent the letter to the University of

Maryland (R.9 at 11-12), why the letter of reprimand never was placed in his personnel file (R.9 at 13-16), and to generally "test and elaborate the affidavit testimony already entered," see Strang, 864 F.2d at 861; (R.9 at 6, 8-9, 12 (seeking to "question [the] credibility" of sworn statements in the record)), will not create a genuine issue regarding the legal sufficiency of Plaintiff's claims.[2]

Finally, at this juncture, Plaintiff cannot add claims not raised at the administrative level or in his complaint in an effort to create a genuine issue. (See R.9 at 8-9 (challenges score received in non-selection of not only the first criterium, but all criteria; EPA violated agency rules by "using subjective instead of objective bases in rating applicants; "Plaintiff's veteran preference status was not applied.")).

In sum, Plaintiff has failed to state a claim upon which relief can be granted, because he has failed to exhaust his administrative remedies as to some of his claims and none of his allegations constitute "adverse actions" which "give rise to an inference of discrimination." See Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999). Imminently, Plaintiff will receive the administrative records relevant to this action, and Plaintiff has failed to establish that any further discovery will raise a genuine issue regarding the legal sufficiency of his claims or establish that his failure to make the "best qualified" list following the alteration of one of the criteria for the position in question raises an inference of discrimination.

Plaintiff's conclusory and unsubstantiated allegations regarding the perjurious nature of

---

[2] This is particularly true in light of the fact that the key witness whose testimony Plaintiff challenges, the subject matter expert Ms. Kelly, is deceased and cannot be re-questioned or deposed.

sworn statements present in the record of this case do not support his cause for broad and undefined discovery.  See Messina v. Krakower, __F.3d__, 2006 WL 538175 at *6 (D.C. Cir. 2006) (plaintiff's Rule 56(f) motion to "depose the individual defendants and members of the law firm to ascertain the scope and extent of the dissemination of the defamatory materials" was properly denied where the affidavit presented no reason to believe that such dissemination had occurred); Exxon Corp., 663 F.2d at 126 (plaintiff's request for limited discovery on the theory that defendant waived work product privilege was properly denied where "the facts supporting the allegation" of waiver were "insufficient").

## CONCLUSION

For the reasons articulated above, this Court should deny Plaintiff's motion for discovery in this case, and order Plaintiff to file his opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, within thirty days of the issuance of the Court's order.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH C. CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, DC BAR #495257
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that service of the foregoing Response to Plaintiff's Motion for a Continuance to Conduct Discovery and proposed order has been made by mailing copies thereof to:

James T. Walker
136 West Quail Lane
La Plata, Maryland 20646

on this ____ day of March, 2006.

 

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309