RECEIVED
APR 0 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. James T. Walker,<br><br>PLAINTIFF<br><br>v.<br><br>Stephen L. Johnson, Administrator<br>US Environmental Protection Agency<br><br>DEFENDANT | Civil Action<br>No. 05-2118<br>(ESH) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE
TO PLAINTIF'S MOTION FOR A CONTINUANCE TO CONDUCT DISCOVERY**

Plaintiff, Dr. James T. Walker, a Black African-American male employee of the United States Environmental Protection Agency ("the Agency"), initiated this action on October 31, 2005 to address a continuous pattern of discrimination against him on the accounts of race, sex, and retaliation, in violation of the Civil Rights Act of 1964, as amended, Equal Employment

Opportunity Act of 1992, 42 U.S.C. §2000e-16, and the Civil Rights Act of 1991, 42 U.S.C.§1981a. Plaintiff alleged that, since the beginning of his employment at EPA, he has experienced a continuous pattern of employment discrimination by the Defendant ("EPA Administrator") and his personnel policies, procedures, and practices in two primary areas of his employment; promotion and retaliation for engaging in EEO activity. In essence, Plaintiff brought forth two main causes of action in this complaint. He alleged that 1) there was a continuous pattern of retaliation against him for participating in EEO activity, and 2) he was not selected for a GS-13/14 Environmental Scientist position in the Office of Child Health Protection because of his race, sex, and retaliation.

On February 21, 2006, the Defendant filed a motion to dismiss Plaintiff's complaint, or, in the alternative, for summary judgment. On February 22, 2006, this Court ordered Plaintiff to respond to Defendant's motion by March 22, 2006. On March 22, 2006, Plaintiff responded by filing a motion "for a continuance to conduct discovery," pursuant to Federal Rule of Civil Procedure 56(f), and 30 more days, after the conclusion of the discovery period, within which to file a response to Defendant's motion. In response to Plaintiff's motion, on March 30, 2006, the Defendant asked

2

this Court to deny Plaintiff's request for discovery, pursuant to F.R C.P. 56(f), and grant his request for an additional 30 days to respond to Defendant's motion to dismiss, or, in the alternative, for summary judgment. In responding to Defendant's March 30, 2006 motion, Plaintiff hereby states that, in response to Defendant's statement on:

1. **Page 2, beginning on Line 14,** where Defendant states that "Plaintiff also indicates that he "challenges" most if not all of the factual representations made in Defendant's motion and supported by record evidence in this case and "request discovery so that he can prove" a series of conclusory statements and allegations that either bear no relevance to the legal sufficiency of Plaintiff's allegations or have no stated or apparent way of being established."

He first would like to remind the Court that he understands that all of Defendant's assertions and alleged facts will be treated as true, unless Plaintiff submits his own affidavits or other evidence contradicting those that were put forth by the Defendant. He carries an extraordinary burden as the Plaintiff in this case and needs to conduct discovery, so that he is able to properly rebut or oppose all of Defendant's assertions, allegations, affidavits, and exhibits and show that there are genuine issues of material facts in dispute. Plaintiff asserts that

his request for discovery will not set out to prove a series of conclusory statements or allegations, as asserted by the Defendant, but, to neutralize or contradict the evidence that was put into the record by Defendant, and show that he can support his argument that there are genuine issues of material fact that should go to trial. If the Defendant feels that the Plaintiff is requesting discovery for information that "bear no relevance to the legal sufficiency of Plaintiff's allegations," then Defendant is also basically admitting to this Court that the statement of undisputed facts, previously introduced by the Defendant, bears no relevance to legal sufficiency and should be disregarded and the motion to dismiss, or, in the alternative summary judgment should be denied, because some of the questions that Plaintiff is seeking answers to are directly related to Defendants alleged facts.

2.  **Page 3, beginning on Line 3,** where Defendant states that he "is at loss as to why,…he(Plaintiff) initiated this action without requesting additional copies of his administrative records from the Agency. Moreover, Plaintiff also failed to make such a request after he was apprised….that the Defendant intended to file a dipositive motion in this case…"

4

Plaintiff responds by putting the Defendant on notice that his request for discovery will not only focus on the "administrative record" of this case, as defined by the Defendant, but any records or evidence that be gained from the Agency, EEOC, OPM, and the University of Maryland, which can be used to support his allegations and show that there are genuine issues of material facts in dispute. Plaintiff adds that he is also at loss as to why the Defendant would think that he should request discovery before knowing what the dispositive issues were and how they were framed by the Defendant.

3. **Page 3, beginning on Line 9,** where Defendant states that " regardless, on March 28, 2006, Defendant mailed the pertinent administrative records to Plaintiff's home address. Thus, Plaintiff will shortly be in possession of the document he requests in order to respond to Defendant's motion…"

Plaintiff states that he is feverently trying to find this information. According to an e-mail communication that he received from an Agency lawyer, named Paul Winick, the Defendant did not send it to Plaintiff's home address of record, as seen below, but to his previous home address. When he receives the information it will be helpful, but, as stated previously, additional information, not found in those documents and the record, will be needed to properly

5

show that there are genuine issues of material facts in dispute with regards to <u>all</u> of the issues that were brought fourth in his complaint, not just those deemed important to the Defendant.

4.   **Page 3, beginning on Line 13,** where Defendant states that "although Plaintiff failed to consult undersigned, as required by Local Rule 7(m), regarding his request for an extension of time….."

Plaintiff called the "undersigned," many times regarding this matter, but she did not return his calls. He then sent an email to Paul Winick, the Agency lawyer, on February 16, 2006, informing him that that he would "file a motion for limited discovery" (See attachment #I)

5.   **Page 3, beginning on Line 17, where** Defendant states that Plaintiff "is entitled to no additional discovery beyond the administrative record, because he has failed to satisfy the requirements of Rule 56 (f)"

Plaintiff asserts that the statement is somewhat contradictory.  On one hand Defendant states that Plaintiff is entitled to discovery, but on the other hand he states that Plaintiff is not.  Plaintiff disagrees with Defendant's assertion that Rule 56(f) limits discovery to only the "administrative record."  It does not.  As Plaintiff stated in his motion, in Richardson v. National Rifle Association, 871 F. Supp.499, 501-502 (D.D.C. 1994),

6

this Court stated:

> Under Rule 56(f), the Court upon request may defer ruling on a summary judgment motion and allow the non-moving party an opportunity through limited discovery to obtain information relevant to an issue of material fact he maintains is in dispute. The party opposing summary judgment and seeking deferral, usually but not invariably by motion and affidavit, must (i) alert the Court to the need for further discovery and (ii) demonstrate, ………..how additional discovery will enable it to rebut the movant's allegations of no genuine issue of fact. A Rule 56(f) affidavit or other material supporting the motion must provide reasons why the non-moving party cannot present facts in opposition and how additional discovery will provide those facts, <u>not simply assert that "certain information" and" other evidence" may exist and may be obtained through discovery.</u>

Plaintiff has complied with that ruling. He has provided examples of the kinds of evidence he needs, through discovery, to raise genuine issues of material facts with respect to some of Defendant's assertions and affidavits. The same approach will have to be done with the remaining documents that were introduced into the record by the Defendant and those documents that he lost in the tornado. The above captioned case involves as many as six discrimination complaints that were filed by the Plaintiff over the last 8 years. He needs a copy of Agency/EPA records pertaining to all of those cases. He also needs time to collate and review all of those records,

so that he can properly respond to the Defendant's motion. Furthermore, it is worth mentioning to this Court that many of the key witnesses, who provided signed affidavits for this case, such as Paula Goode, Romana Trovato, Art Payne, Mable Wade, Francine Butler, and Margaret Kelly have, either left the Agency, or, has died, within the last 8 years. These losses put additional burdens on the Plaintiff to show discrimination.

WHEREFORE, because this Court will accept Defendant's assertions, affidavits, exhibits and as true, Plaintiff respectfully asks this Court to allow discovery so that he can submit his own affidavits or other evidence contradicting those that were put forth by the Defendant. He needs to conduct discovery, so that he is able to properly rebut or oppose all of Defendant's assertions and allegations and show that there are genuine issues of material facts that are in dispute. Plaintiff needs an extended period of time to conduct discovery and an additional 30 days after discovery to properly respond to Defendant's motion to dismiss, or, in the alternative summary judgment.

Respectfully Submitted,

*James T. Walker*

James T. Walker, *Pro Se*
136 West Quail Lane
La Plata, Maryland 20646
(301) 654-6376

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dr. James T. Walker,           )
                               )
                               )
    **PLAINTIFF**              )
                               )
                               )
    v.                         )
                               )  Civil Action
                               )  No.1:05CV02118
                               )  Judge: ESH
                               )
Stephen L. Johnson, Administrator )
US EPA                         )
                               )
    **DEFENDANT**              )
                               )

## AFFIDAVIT OF SERVICE

I, James T. Walker, hereby state that on the 6 th day of April, 2006, I mailed/faxed a copy of this "Response" to the following:

Kathleen Konopka
Assistant United States Attorney
555 Fourth Street, N.W. Room E4412
Washington, DC 2009

James T. Walker
136 West Quail Ln
La Plata, MD 20646
(301) 654-6376