UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. James T Walker,** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**Stephen L. Johnson, Administrator** )<br>  **U. S. Environmental Protection Agency** )<br>)<br>**Defendant** )<br>) | Civ. Action No. 05-02118 (ESH) |

**ANSWER**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant hereby respectfully answers the Plaintiff's Complaint as follows:

FIRST AFFIRMATIVE DEFENSE

To the extent that the Complaint alleges actions and issues for which Plaintiff failed to timely file complaints at the administrative level, Plaintiff has failed to appropriately exhaust his administrative remedies.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

Defendant denies any discrimination or retaliation against Plaintiff, but asserts that, regardless of any such claimed motivations, it would have taken the same personnel actions challenged by Plaintiff.

Defendant further answers the numbered paragraphs of the Plaintiff's Complaint by

denying the allegations contained therein except as expressly admitted as follows:

1. Plaintiff provides a characterization of the nature of the instant action to which no response is necessary. To the extent that a response is deemed required, Defendant admits only that Plaintiff is a black, male employee of the EPA. Otherwise, deny.

2. Deny.

3. Admit.

4. Defendant admits the allegations in first sentence. He denies the allegations in the second sentence.

5. This paragraph presents Plaintiff's statement of jurisdiction and venue to which no response is required. However, Defendant does not contest venue in this action. Defendant denies that Plaintiff has exhausted administrative remedies as to all claims.

6. Defendant lacks sufficient information to admit or deny what and when Plaintiff perceived or "realized," however, Defendant denies maintaining any "discriminatory system against [Plaintiff]." Defendant admits that Plaintiff has filed at least four EEO complaints against EPA from January 1998 to the present, including a class complaint, and that such complaints claim discrimination on the bases of race and/or sex and/or retaliation.

7. Defendant admits that all of Plaintiff's complaints were processed in accordance with governing EEOC and EPA regulations. Defendant denies any implication that the agency was responsible for undue delay in the resolution of Plaintiff's administrative complaints. Defendant admits that Plaintiff received an unfavorable decision regarding some of his claims in July 2005.

8. Admit that on July 29, 2005, EPA's Office of Civil Rights rejected Plaintiff's June 15, 2005, complaint based on its untimeliness and inadequacy under the law and issued a right to sue letter incident to such rejection. Defendant denies that Plaintiff has limited the instant action to claims properly exhausted by the administrative process.

9. Defendant lacks sufficient information to either admit or deny the allegations contained in the first five sentences of this paragraph, except that Defendant denies that Plaintiff was Ms. Reed's "supervisor." Defendant admits that Ms. Reed did report to management that Plaintiff had turned towards her in a threatening manner. Defendant admits that both Plaintiff and Ms. Reed were interviewed regarding the incident and that Plaintiff was placed on ten hours of paid, administrative leave following the incident as a cooling off period; however, Defendant denies that Plaintiff's color, race, or sex had anything to do with these actions. Moreover, Defendant denies that Ms. Reed was not interviewed by the same managers and denies that she was not placed in a non-work status for the identical amount of time as Plaintiff. Defendant denies the last clause of sentence six except to admit that a file concerning the incident was developed by EPA's Labor and Employee Relations Staff, the Agency component to whom management referred the matter. Moreover, Defendant denies that such file has ever been made part of Plaintiff's Official Personnel File (OPF) or that the file in question has been maintained other than in strict compliance with EPA's standard record retention policies. Defendant admits that Plaintiff's management did not contact officials at the University of Maryland concerning Plaintiff's allegations against Ms. Reed. Defendant denies that there have been similar incidents regarding Caucasian scientists, which were treated differently by management.

      Defendant denies that Plaintiff possessed supervisory duties under the intern program or that they were removed; Plaintiff's mentoring of Ms. Reed was terminated. Defendant denies that any program was eliminated as a consequence of the incident between Ms. Reed and Plaintiff. Defendant denies the allegations in the second to last sentence except to admit that Plaintiff filed an EEO complaint alleging that he was discriminated against on the basis of his race and sex when he was placed on ten hours of paid administrative leave. Defendant denies the allegations in the last sentence of this paragraph.

10. Defendant admits that, on October 29, 1998, Plaintiff wrote a letter, on official EPA letterhead, to the President of the University of Maryland, in which he suggested that Ms. Reed had violated the law. Defendant, however, denies an implication that Plaintiff's "official capacity" includes authorization to send this type of correspondence on behalf of the Agency. Defendant lacks sufficient information to admit or deny what Plaintiff's claimed motivation or purpose was in sending such letter. Defendant denies that the letter was sent pursuant to normal Agency procedures and rules or that any attorney in the Office of General Counsel, in possession of the relevant facts, expressly advised Plaintiff to post such correspondence. Defendant admits that on December 3, 1998, Plaintiff was given a letter of reprimand by Michael Callahan for sending the University of Maryland letter. Defendant denies the allegations in the last sentence.

11. Defendant denies the allegations in the first sentence. Defendant denies the allegations in the second sentence, except to admit that, in the spring/summer of 2000, Plaintiff inquired of Mr. Ris why the letter of reprimand was still in his OPF. Defendant denies the allegations in the third sentence. Defendant admits that in the fall of 2000, Plaintiff

asked Mr. Callahan to remove, some months prematurely, the letter of reprimand from Plaintiff's OPF. Defendant denies the allegations in the last two sentences of the paragraph and asserts that the last sentence represents Plaintiff's legal conclusion rather than a statement of fact.

12. Admit, except to the extent that "similar" is vague and ambiguous. Plaintiff has asserted claims in this action that were not exhausted at the administrative level.

13. Defendant denies the allegations of this paragraph except to admit that Mr. Ris did share the December 3, 1998, letter with Mr. Starrs, that Mr. Starrs could have also secured the information concerning Plaintiff's letter of reprimand from the Office of Civil Rights, and that Mr. Starrs appropriately used this letter in his defense of the Agency against Plaintiff's class complaint.

14. Defendant admits that, on or about June 2004, the Office of Research and Development (ORD) published a list which identified recipients of cash awards, incident to ORD's STAA competition. Defendant also admits that Plaintiff submitted a paper for the competition, but denies the remaining allegations in the second, third and fourth sentences of the paragraph as Defendant lacks sufficient knowledge to comment on what Plaintiff thought, suspected, or felt. Defendant admits the allegations in the fifth sentence, only to the extent that Plaintiff did send a "global" email concerning this issue in June 2004. Defendant admits the allegations in the sixth sentence only to the extent that, on June 25, 2004, Mr. Ris sent Plaintiff an e-mail that was critical of Plaintiff's sending of the global e-mail. Defendant admits that Mr. Ris, as Plaintiff's immediate supervisor, maintains a folder on Plaintiff and that the email is contained in such folder.

    Defendant denies the remaining allegations in this paragraph, specifically denying any improper motive by the agency or that the agency has addressed a similar situation in an unlike manner.

15.    Defendant admits the allegations in the first two sentences. Defendant denies the allegations of the third sentence, except to admit that Ms. Kelley, after reviewing the vacancy announcement, but before receiving any applications, recommended that the "health physics" portion of the first selection criterium be eliminated. Defendant admits the allegations in the fourth sentence only to the extent that the position was not re-advertised, all applicants were evaluated without consideration of the health physics criterium, and Ms. Goode was selected for the position. Defendant denies the allegations in the fifth, sixth, and seventh sentences, the latter because of insufficient knowledge. Defendant does not dispute the allegations regarding Plaintiff's grade, position title, and degree. Defendant denies the remaining allegations in this paragraph.

16.    Deny.

    The remaining unnumbered and numbered paragraphs set forth Plaintiff's demand for a jury trial and his prayer for relief, neither of which require a response.

WHEREFORE, the Court should enter judgment for Defendant.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS
DC Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA
DC BAR #495257
Assistant United States Attorney
202/616-5309

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing Answer has been made by mailing copies thereof to:

DR. JAMES T. WALKER
136 West Quail Lane
La Plata, MD 20646

on this ____ day of May, 2006

 

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C. 20001
(202) 616-5309