UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES T. WALKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN JOHNSON, Administrator )<br>U.S. Environmental Protection Agency, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-2118 (ESH) |

JOINT RULE 16.3(c)/ RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(c), and this Court's April 18, 2006, order, the parties submit the following report.

Defendant's Statement of Case

Plaintiff's claims before this Court concern his allegation that the EPA discriminated against him on the basis of his race, gender, and reprisal when he was placed on ten hours of administrative leave, was issued a letter of reprimand, was sent an admonishing email and when he was non-selected for a position for which he failed to make the "best qualified" list. Defendant submits that Plaintiff has no claim under Title VII (42 U.S.C. § 2000e, et seq.). To the extent that Plaintiff's complaint raises claims based on alleged actions of Defendant that were not raised in a timely manner or at all at the administrative level, Plaintiff has failed to exhaust his administrative remedies. (42 U.S.C. § 2000e-16(c)). Moreover, the agency actions alleged by Plaintiff in the complaint do not constitute adverse employment actions. See, e.g. Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999). Finally, all actions taken by the agency were based on legitimate nondiscriminatory reasons. See, e.g. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Defendant may raise additional defenses based on evidence disclosed during discovery and throughout litigation of this suit.

Plaintiff's Statement of the Case

Plaintiff initiated this action on October 31, 2005 to address a continuous pattern of

discrimination against him on the accounts of race, sex, and retaliation, in violation of the Civil Rights Act of 1964, as amended, Equal Employment Opportunity Act of 1992, 42 U.S.C. §2000e-16, and the Civil Rights Act of 1991, 42 U.S.C.§1981a.  Plaintiff alleges that, since the beginning of his employment at EPA, he has experienced a continuous pattern of employment discrimination by the Defendant and his personnel policies, procedures, and practices in two primary areas of his employment; promotion and retaliation for engaging in EEO activity.  In essence, Plaintiff brought forth two main causes of action in this complaint.  He alleges that 1) there was a continuous pattern of retaliation against him for participating in EEO activity, and 2) he was not selected for a GS-13/14 Environmental Scientist position in the Office of Child Health Protection because of his race, sex, and retaliation.

Local Rule 16.3(c) Points

With regard to the numbered paragraphs of Local Rule 16.3(c), counsel report as follows:

1. Defendant submits that this case will be resolved by dispositive motion following discovery.  Plaintiff submits that, since Defendant has already filed a dispositive motion and the case has not been disposed of, discovery and other matter should be allowed.

2. The parties do not believe at this time that other parties will be joined, pleadings amended, or factual or legal issues narrowed.

3. The parties do not consent to assignment of this case to a Magistrate Judge for purposes other than mediation.

4. The parties are currently making reasonable efforts to settle this case.  Plaintiff has extended a settlement offer to Defendant.  Defendant submitted a counteroffer to Plaintiff, which was rejected.

5. Defendant submits that the case may benefit from the Court's alternative dispute resolution process or some other form of ADR; however, any form of ADR should be held in abeyance pending discovery and this Court's decision on defendant's dispositive motion.  Plaintiff submits that he is currently not open to utilizing/trusting the Court's ADR process.

6. The parties propose that the deadline for any dispositive motions and/or cross motions should be sixty days after discovery closes. Any oppositions and replies should be filed in accordance with the Rules of this Court.

7. The parties agree that Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) should be exchanged in accordance with the Rule.

8. The parties propose that fact discovery will be completed in 150 days.

9. The parties agree that it is unnecessary to modify the requirement of exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2). The parties agree that a decision on whether and when depositions of experts should occur will be held in abeyance pending the results of fact discovery.

10. Not applicable.

11. The parties agree that it is unnecessary to bifurcate or manage the trial in phases.

12. Defendant proposes that the Pretrial Conference be held thirty days after resolution of dispositive motions. Plaintiff feels that the date for the pretrial conference should occur around April 2007.

13. The parties propose that the trial date be set at the Pretrial Conference.

14. None.

                                 Respectfully submitted,

                                 _____
                                 KENNETH L. WAINSTEIN, DC Bar #451058
                                 United States Attorney

                                 _____
                                 RUDOLPH CONTRERAS, DC Bar #434122
                                 Assistant United States Attorney

_____      _____
JAMES T. WALKER[1]                            KATHLEEN KONOPKA, DC Bar #495257
Plaintiff <u>pro se</u>                                   Assistant United States Attorney

---

[1] Plaintiff agrees to the "Joint Report," provided that he is not waiving his rights to modify or change any of his responses, because of issues that may arise while litigating this case.

Case 1:05-cv-02118-RMC    Document 14    Filed 06/20/2006    Page 5 of 6

Case 1:05-cv-02118-RMC   Document 14   Filed 06/20/2006   Page 6 of 6