# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James T. Walker, | ) |
| | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Civil Action |
| | ) No.05-2118 |
| | } (ESH/DAR) |
| | ) |
| | ) |
| Stephen L. Johnson, Administrator | ) |
| US Environmental Protection Agency | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **DEFENDANT** | ) |
| | ) |

## PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY

Pursuant to Rules 37(a) (2) (A) and 26(b) (1), Federal Rules of Civil

Procedures, Plaintiff, James T. Walker, hereby moves for entry of an Order

compelling Defendant to produce discovery and states:

### I.  PROCEDURAL BACKGROUND

Plaintiff is a Black African-American male who works as a senior

environmental scientist at the United States Environmental Protection Agency

("USEPA").

On October 31, 2005, he, on his behalf, filed the above captioned case to address a continuous pattern of discrimination on the accounts of race, sex, and retaliation, in violation of the Civil Rights Act of 1964, as amended, Equal Employment Opportunity Act of 1992, 42 U.S.C. §2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. §1981a. Plaintiff alleges that, since the beginning of his employment at EPA he has experienced a continuous pattern of employment discrimination by the Defendant, due to his personnel policies, procedures, and practices in the areas of promotion and retaliation for engaging in EEO activity.

On February 2, 2006, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On March 22, 2006, in response to that Motion, Plaintiff filed a Motion for Continuance to Conduct Discovery, in which the Defendant filed his response on March 30, 2006. After Plaintiff's reply and a subsequent hearing, which was held on April 18, 2006, this Court issued a Minute Order denying without prejudice Defendant's Motion to Dismiss and Motion for Summary Judgment and granted Plaintiff's Motion for Continuance to Conduct Discovery. Afterwards, this Court issued a Scheduling Order indicating the beginning and ending of discovery. Pursuant to FRCP 34, Plaintiff submitted six requests for production of documents and Defendant submitted his response on August 28, 2006. His response did not comply with Rule 26(b) (1) and consequently this Court, on December 8, 2006, Ordered Plaintiff to file his Motion to Compel Discovery by December 22, 2006.

## II. Legal Authority

Pursuant to the Federal Rules of Civil Procedures 26(b) (1). discovery may
be obtained by "any party if the information sought is "not privileged" and is
"relevant to the claim or defense of any party." This information includes the
existence, description, nature, custody, condition, and location of any books,
documents, or other tangible things that are "reasonably calculated to lead to the
discovery of admissible evidence." *GFL Advantage Fund, Ltd. v. Colkitt*, 216
F.R.D. 189,194 (D.D.C. 2003); *see also Mitchell v. Amtrak*, 208 F.R.D. 455, 459
(D.D.C. 2002). The court has the authority to "confine discovery to the claims and
defenses asserted in the pleadings." Furthermore, "discovery rules "are to be
accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495,507
(1947). "When the discovery sought appears relevant, the party resisting the
discovery has the burden to establish the lack of relevance by demonstrating that
the requested discovery either does not come within the broad scope of relevance
as defined under Fed. R. Civ. P. 26(b) (1) or is of such marginal relevance that the
potential harm occasioned by discovery would outweigh the ordinary presumption
in favor of broad disclosure." Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470-
71 (N.D. Tex.2005) (quoting Scott v. Leavenworth Unified School Dist. No.
453,190 F.R.D. 583, 585 (D. Kan. 1999)).

The Federal Rules of Civil Procedure encourage the exchange of
information through broad discovery." In re England, 375 F.3d 1169, 1177 (D.C.
Cir. 2004). A party resisting discovery based on relevance "bears the burden of

demonstrating that the information sought is not legally relevant." Chubb

Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58, n.3 (D.D.C. 1984).

Likewise, a party opposing discovery based on burden "must make a specific

showing, supported by declaration, as to **why** the production sought would be

unreasonably burdensome." Pleasants v. Allbaugh, 208F.R.D. 7, 12 (D.D.C. 2002)

(citing Pro-Football, Inc. v. Harjo, 191 F. Supp. 2d 77, 80 (D.D.C.2002).

### III.  REQUESTED DISCOVERY

Pursuant to this Court's Order and FRCP 34, Plaintiff submitted six

discovery requests to the Defendant to produce the following documents for

review:

1.    All documents, which are in Defendant's possession, custody, or
control that are related to all of the EEOC complaints that the Plaintiff has
filed since 1990.

2.    Personnel files of the following individuals:

1. Ramona Trovato
2. Margo Oge
3. Margaret Oge
4. Bob Sonawane
5. Michael Callahan
6. Paula Goode
7. Kathleen Reed
8. James T. Walker
9. Charles Ris

3.    All documents from EPA's Office of Civil Rights files relating to all
EEOC complaints brought against the following individuals:

1. Ramona Trovato
2. Margo Oge
3. Margaret Oge

4

4.  Bob Sonawane
5.  Michael Callahan
6.  Paula Goode
7.  George Alapas
8.  Charles Ris
9.  David Bussard
10. Peter Preuss
11. Art Payne
12. William Farland
13. Karen Higginbotham

4.     Documents from NCEA's electronic files showing all "global" emails sent by NCEA employees (including managers) since 1995. All documents identifying all EPA, ORD, and NCEA policies regarding the sending of "global" emails. All documents in NCEA's possession or files that identifies all admonishments sent by NCEA managers to NCEA employees for sending "global" email. All notes and email correspondences made between Charles Ris and George Alapas, Charles Ris and Peter Preuss, and George Alapas and his upper management regarding the "global" email issue.

5.     Documents from EPA's Office of Civil Rights files relating to all EEOC complaints brought against the US EPA by the following individuals:

1.  Dr. Jane Caldwell
2.  Dr. Marsha Coleman-Adebayo; and
3.  Dr. Marsha Marsh.

6.     Each and every document or records that the Defendant will rely on to defend against the Plaintiff's Complaint in this case and indicate to which Complaint the documents relate.

7.     Any document or evidence, which the Defendant will/might consider admissions and/or impeaching evidence or materials.

8.     Any and all documents, writings, reports, tape recording, videos, photographs, or other exhibits that the Defendant intends to offer at the trial in this matter.

## IV.  DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS

On or about August 30, 2006, Plaintiff received Defendant's responses to his requests for production of documents. (See Attached Exhibit A).  Essentially, Defendant failed to properly respond to Plaintiff's request and produce the documents pursuant to Rule 26(b) (1).

## V.  ARGUMENT

Plaintiff asserts that all of the documents described in the above are reasonably calculated to lead to the discovery of evidence relating to the allegations that he brought forth in this case.  Accordingly, he argues that they all fall within the scope of discovery permitted under Rule 34 and Rule 26(b) (1).

In Defendant's general objection to Plaintiff's request for production of documentation, he asserts that the requests seek information that is neither relevant to any issue in this litigation  nor reasonably calculated to lead to the discovery of admissible evidence, they are vague, ambiguous, overly broad, oppressive, and/or unduly burdensome, they seek documents or information not in the possession, custody, or control of Defendant and they seek discover work product or legal theory or strategy.  In response to this general objection, Plaintiff argues that Defendant cannot respond to a Rule 34 request for documentation by merely stating an objection.  As indicated in the above, the Defendant carries the burden of demonstrating or showing that the information sought by Plaintiff is not legally

6

relevant, unreasonably burdensome, oppressive, vague, etc.  Defendant has failed to make such showing or meet that burden.

With regards to the first category of documents, Defendant asserts that, in addition to his general objection,  the Report of Investigations ("ROIs ") for the five cases were provided to Plaintiff and there exist no ROIs for the three remaining cases.  Plaintiff responds by first arguing that the ROIs were not the only documents that he had asked for.  He had requested "all" documents in Defendant's possession that were related to his EEOC complaints. Secondly, the Defendant did not provide ROIs for all five of the cases listed.

With regards to the second category of documents, Defendant objected because Paula Goode's personnel file was no longer in his possession, custody, or control and because "Ms. Goode is no longer employed by the EPA."  In response, Plaintiff argues that although Paula Goode is no longer with EPA, the Defendant still has access to her EPA files, which are in EPA storage location.  Her EPA personnel records are retrievable and, therefore, should be accessible for this request.  Defendant has also indicated that the Department of Defense has agreed to make select documents available to Plaintiff from Goode's file.  In response, Plaintiff argues that he is entitled to review all information from her files that is not "privileged" and "relevant to his claim or defense, not just those parts of the files that the Defendant "selects" and "deems" relevant.  For the remaining seven individuals on the list, Defendant objected to the review of their files on the grounds that "all material possessed in those files are irrelevant in the context of

7

this litigation, that the request is overbroad and unduly burdensome, that none of these individuals are possible comparators with Plaintiff, that several of these individuals were not in a position to impact Plaintiff's employment status during the period relevant to this complaint, that material in their files would not reasonable lead to the discovery of admissible evidence regarding the particular claims at issue and, that the responsive documents contain information protected by the Privacy Act. In response to this general objection, Plaintiff again asserts that Defendant has the burden of demonstrating that the information sought by Plaintiff is not legally relevant, unreasonably burdensome, oppressive, vague, etc., Defendant has failed to meet that burden. Plaintiff also argues that, except for three of those individuals, the individuals listed in his request were/are in his chain of command and were/are alleged discrimination officials who negatively affected his employment status during the relevant period. He further argues that the information in these individuals' personnel files should lead to the discovery of admissible evidence. Furthermore, the issue of protection under the Privacy Act can easily be resolved by covering over or deleting all information that has privacy implications.

With regards to the third category of documents, Defendant noted that several of the individuals listed in Plaintiff's request "played no role in considering or effectuating any alleged adverse actions in question in this litigation," and objected on the basis that the request "is overbroad and unduly burdensome." Furthermore, Defendant objected because he "does not maintain its

8

EEO files based on alleged discriminating official names" and without those names he is "unable to search for responsive documents. Finally, he objected because the "responsive documents would contain information protected by the Privacy Act as to the complainants the alleged discrimination officials, and potentially as to any witnesses or other mentioned parties." In response, Plaintiff argues that all but three of these individuals listed were/are his line managers and played a significant "role in considering or effectuating the alleged adverse actions in question in this litigation." Plaintiff argues that Defendant's argument that he is "unable to search for responsive documents by names" is without merit. His Office of Civil Rights maintains yearly statistical data on the number and type of discrimination complaints that are filed throughout the EPA. Pursuant to EEOC regulations, these data are maintained and documented according to regions, AAships, and Offices within the EPA. The data contains complainant's names, race, sex, title, in addition to the names of the alleged discrimination officials.

With regards to the fourth category of documents, Defendants objected on the basis of relevancy and that he has no feasible way of searching for all "global" emails sent by NCEA employees with the last eleven years and a manual search of the email accounts of all NCEA employees would be prohibitively costly and time consuming and that because an employee's erasure of an email might render such document eternally irretrievable, search would have no guarantee of being productive. Plaintiff responds by again asserting that Defendant has not demonstrated that the requested discovery does not come within the broad scope

of relevance, as defined under Fed. R. Civ. P. 26(b) (1). Furthermore, EPA has a backup and archival system in place, which allows all deleted emails to be retrieved with little difficulty.

With regards to the fifth category of documents, Defendant objected because supposedly "none of the listed individuals have ever been supervised by Plaintiff's chain of command or alleged discrimination official indicated in the instant litigation" and if the documents exist, "they would contain information protected by the Privacy Act." In response, Plaintiff argues that Drs. Caldwell and Marsh, like the Plaintiff, work in the National Center for Environmental Assessment and are supervised by the same Office Director. Furthermore, like the Plaintiff, they both have filed similar/almost-identical discrimination complaints against EPA and their cases are currently being litigated. Dr. Adebayo, like Plaintiff, is a Black African-American scientist, who has filed many discrimination complaints against the EPA, one of which this Court found USEPA liable for close to ½ million dollars.

With regards to the sixth, seventh, and eighth categories of documents, Plaintiff asserts that he is entitled all of these documents.

## VI. CONCLUSION

**WHEREFORE,** Plaintiff asserts that all of the documents that he requested are reasonably calculated to lead to the discovery of evidence relating to the allegations that he brought forth in this case and they all fall within the scope of discovery permitted under Rules 34 and 26(b)(1). He further asserts that

Defendant cannot respond to a request for documentation by merely stating an objection. As indicated in the above, the Defendant carries the burden of demonstrating that the information sought by Plaintiff is not legally relevant, unreasonably burdensome, oppressive, vague, etc. Defendant has failed to meet that burden. Plaintiff is hereby asking this Court to issue an Order compelling discovery.

Respectfully Submitted

James T. Walker, *Pro Se*
136 West Quail Lane
La Plata, Maryland 20646
(301) 654-6376

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

James T. Walker,                           )
                                           )
                                           )
                                           )
          **PLAINTIFF**                     )
                                           )
     v.                                    )
                                           )   Civil Action
                                           )   No.05-2118
                                           }   (ESH/DAR)
                                           )
                                           )
Stephen L. Johnson, Administrator          )
US Environmental Protection Agency         )
                                           )
                                           )
          **DEFENDANT**                     )
                                           )

## CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), I certify, under penalty of perjury,

that I have in good faith conferred or attempted to confer with Kathleen Konopka,

counsel for the Defendant, in an effort to secure the information or material that I

requested without court action.   I sent emails to her on many occasions, and have

attempted to contact her by telephone, to discuss the discovery documents

requested herein.

James T. Walker, *Pro Se*
136 West Quail Lane
La Plata, Maryland 20646
(301) 654-6376

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James T. Walker, | ) |
| | ) |
| | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Civil Action |
| | ) No.05-2118 |
| | } (ESH/DAR) |
| | ) |
| | ) |
| Stephen L. Johnson, Administrator | ) |
| US Environmental Protection Agency | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **DEFENDANT** | ) |
| | ) |

## ORDER

Upon consideration of the aforementioned Motion to Compel Discovery, it is this _____ day of _____, 2006;

ORDERED that the Plaintiff's Motion to Compel Discovery is hereby Granted.

_____

Judge,  US District Court for DC

13

## **CERTIFICATE OF SERVICE**

I, James T. Walker, hereby state that, on this date December 26, 2006, I

mailed/e-mailed a copy of this "PLAINTIFF'S AMENDED MOTION TO

COMPEL DISCOVERY" to:


        Alexander Daniel Shoaibi
        Assistant United States Attorney
        555 Fourth Street, NW
        Room E4218
        Washington, DC 20530

Email:      Alexander.d.shoaibi@usdoj.gov


James T. Walker, *Pro Se*
136 West Quail Lane
La Plata, Maryland 20646
(301) 654-6376

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. JAMES T. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-2118 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST THROUGH SIXTH REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby answers Plaintiff's Requests for Production of Documents as follows:

### General Objections

These objections apply to, and are asserted with respect to, all document requests, and are in addition to specific objections stated with respect to each document request.

1.      Defendant objects to these document requests to the extent that they seek information that is neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2.      Defendant objects to these document requests to the extent that they are vague, ambiguous, overly broad, oppressive, and/or unduly burdensome.

3.      Defendant object to these document requests to the extent that they seek documents or information not in the possession, custody, or control of Defendant.

4.      Defendant objects to these document requests to the extent that they seek to

discover work product or legal theory or strategy.

5.     Defendant reserves the right to supplement or amend any and all parts of the responses set forth below, as permitted by Rule 26(e), Federal Rules of Civil Procedure.

6.     In providing the responses herein, Defendant does not waive but instead expressly preserves all objections, including but not limited to competence, relevance, materiality, and admissibility regarding any information contained in the responses, including any portion of any document produced in response and any information contained therein.

**Document Production Request No. 1:**  All documents which are in [Defendant's] possession, custody, or control that are related to <u>all</u> of the EEOC complaints that the Plaintiff has filed since 1990.

**Response:**  Defendant objects to this request to the extent that it asks for materials unrelated in any way to the claims properly presented in the instant litigation, and thus, are irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence in this case.  However, without waiving this or any general objection articulated above, Defendant responds as follows to Plaintiff's First Document Production Request:

The Office of Civil Rights (OCR), EPA's repository for hardcopy documents related to Agency employee's EEO complaints, has searched its records for any such documents related to complaints filed by Plaintiff and it possesses Reports of Investigation with respect to the following EEO cases:

      98-0092-HQ (non-selection OCHP)
      99-0025-HQ (10 hours paid administrative leave)
      99-0031-HQ (letter of reprimand for correspondence with U. Md. President)
      2001-0025-HQ (non-promotion on an accretion of duties theory)
      2001-0099-HQ (EPA's submission of 1999 letter of reprimand to the EEOC)

The ROI addressing the first three complaints was provided to Plaintiff in conjunction with his Rule 56(f) motion. The two ROIs addressing the last two complaints are attached to this production at Tab 1 and are labeled with their respective case numbers.

Defendant further informs the Plaintiff that OCR's electronic database reflects the following additional cases, for which there exist no ROIs:

HQ-0075-04
2005-0065-HQ
97-0072-HQ

OCR possesses no records with respect to any matter predating the ones set forth above, having destroyed such records incident to that Office's routine record retention policy.

**Document Production Request No. 2:** Personnel files of the following individuals:

1. Ramona Trovato
2. Margo Oge
3. Margaret Kelley
4. Bob Sonawane
5. Michael Callahan
6. Paula Goode
7. Kathleen Reed
8. James T. Walker
9. Charles Ris

**Response:** Plaintiff's personnel file is attached to this production at Tab 2.

With respect to Paula Goode's personnel file, the selectee in a process that Plaintiff has challenged in the instant litigation, Defendant objects to this request on the basis that it requests material that is no longer in the possession, custody or control of Defendant, as Ms. Goode is no longer employed by the EPA. However, although it had no onus to do so, and without waiving any objections, Defendant contacted Ms. Goode's current employer, the Department of State, who has agreed to make select documents from Ms. Goode's personnel file documenting her

3

performance and qualifications at the EPA available, and upon Plaintiff's execution and the Court's approval of an appropriate protective order (attached to this production at Tab 3), Defendant shall produce this material to Plaintiff.

With respect to Plaintiff's request for the personnel files of the remaining seven individuals, Defendant objects on the grounds that all materials possessed in such persons' personnel files are irrelevant in the context of the instant litigation. Defendant further objects to the request on the basis that it is overbroad and unduly burdensome. Defendant has previously sought clarification and requested that Plaintiff narrow this request without success. Significantly, none of these individuals are possible comparators with Plaintiff, such that their performance and qualifications may be at issue. Moreover, several of these individuals were not in a position to impact Plaintiff's employment status during the period relevant to this complaint, or, if they were, materials in their personnel files would not reasonably lead to the discovery of admissible evidence regarding the particular claims at issue. Finally responsive documents contain information protected by the Privacy Act.

**Document Production Request No. 3:**  All documents from EPA's Office of Civil Rights files relating to all EEOC complaints brought against the following individuals:

1. Ramona Trovato
2. Margo Oge
3. Margaret Kelley
4. Bob Sonawane
5. Michael Callahan
6. Paula Goode
7. George Alapas
8. Charles Ris
9. David Bussard
10. Peter Preuss
11. Art Payne

4

12.   William Farland
13.   Karen Higginbotham

**Response:** To the extent that some of these individuals are alleged discriminating officials in complaints made by Plaintiff that have been investigated and retained by EPA's OCR, those documents have been previously produced in response to Plaintiff's Rule 56(f) motion and in this production at Tab 1. Defendant objects to any further production regarding this request on the basis of relevance and that it is not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation. Without waiving this objection as to all parts of the request, Defendant notes that several of these individuals played no role in considering or effectuating any alleged adverse action in question in this litigation. Defendant further objects on the basis that it is overbroad and unduly burdensome. Defendant does not maintain its EEO files based on alleged discriminating officials' names. Thus, without the complainant's names or case numbers, Defendant is unable to search for responsive documents. Finally, any responsive documents would contain information protected by the Privacy Act as to the complainants, the alleged discriminating officials, and potentially as to any witnesses or other mentioned parties.

**Document Production Request No. 4:** Documents from NCEA's electronic files showing all "global" emails sent by NCEA employees (including mangers) since 1995. All documents identifying all EPA, ORD, and NCEA policies regarding the sending of "global" emails. All documents in NCEA's possession or files that identifies all admonishments sent by NCEA managers to NCEA employees for sending "global" emails. All notes and email correspondence made between Charles Ris and George Alapas, Charles Ris and Peter Preuss, and George Alapas and his upper management regarding the "global" email issue.

**Response:** Defendant objects to this request on the basis of relevance and that it is not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation. Defendant further objects on the basis that the request is vague, overbroad, and unduly burdensome. Plaintiff's allegation regarding email stems from events which took place in June 2004, nearly nine years after his stated date parameter. Defendant further notes that Plaintiff failed to timely seek EEO counseling regarding his June 2004 claim. Furthermore, Defendant has no feasible way of electronically or otherwise reasonably searching for all "global" emails sent by NCEA employees within the last eleven years. A manual search of the email accounts of all NCEA employees would be prohibitively costly and time consuming. In addition, because an employee's erasure of an e-mail might render such document eternally irretrievable, given how the Agency operates the back-up system for its e-mail servers, such search would have no guarantee of being productive.

However, without waiving the objections noted above, Defendant responds to this request by referring Plaintiff to the documents attached to this production at Tab 4, including a privilege log, which comprise written e-mail advisories still in the possession of NCEA-Washington D.C. management that such management has issued during Plaintiff's tenure in that office, as well as notes and email correspondence made between NCEA management regarding the issue of employee's proper work-related use of the Agency's e-mail system for the time period June 1, 2000, to June 1, 2005.

**Document Production Request No. 5:** Documents from EPA's Office of Civil Rights (OCR) files relating to <u>all</u> EEOC complaints brought against the US EPA by the following EPA employees:

6

1.    Dr. Jane Caldwell;
2.    Dr. Marsha Coleman-Adebayo; and
3.    Dr. Marsha Marsh

**Response:** Defendant objects to this request on the basis of relevance and on the grounds that the materials asked for are not reasonably calculated to lead to the discovery of admissible evidence. Significantly, none of the listed individuals have ever been supervised by Plaintiff's chain of command or alleged discriminating officials indicated in the instant litigation. Moreover, should the requested documents exist, they would contain information protected by the Privacy Act as to the complainants, alleged discriminating officials, and potentially other witnesses, interested parties, and mentioned individuals.

**Document Production Request No. 6 (1):** Each and every document or records that the Defendant will rely on to defend against the Plaintiff's Complaints in this case and indicate to which Complaint the documents relate.

**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects on the basis of work product. However, Defendant directs Plaintiff to the ROI provided in conjunction with his Rule 56(f) motion, the documents provided in this production, and the exhibits attached to Defendant's motion to dismiss previously filed in the instant litigation.

**Document Production Request No. 6 (2):** Any document or evidence which the Defendant will/might consider admissions and/or impeaching evidence or materials.

**Response:** Defendant objects to the request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. However, Defendant directs Plaintiff to the ROI previously provided to him, the documents included in this production, and the exhibits attached

7

to Defendant's motion to dismiss previously filed in this case.

**Document Production Request No. 6(3)**: Any and all documents, writings, reports, tape recordings, videos, photographs, or other exhibits that the Defendant intends to offer at the trial in this matter.

**Response**: Defendant has not decided which exhibits he intends to offer at trial. However, Defendant directs Plaintiff to the documents already produced previously and in this production.

As to objections:

Respectfully submitted,

KENNETH L. WAINSTEIN
DC Bar #451058
United States Attorney

RUDOLPH C. CONTRERAS
DC Bar #434122
Assistant United States Attorney

KATHLEEN KONOPKA
DC BAR #495257
Assistant United States Attorney
202/616-5309

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. JAMES T. WALKER, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| U.S. Environmental Protection Agency, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Civil Action No. 05-2118 (ESH)

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that I mailed to Plaintiff, pro se, a copy of the attached Defendant's Responses to to Plaintiff's First through Sixth Request for Production of Documents, on behalf of the Defendant Stephen L. Johnson, U.S. Environmental Protection Agency.  I further certify that I will retain the original of this document in my possession until the case is concluded, the time for noting an appeal has expired, or any appeal noted has been decided.

/s/
KATHLEEN KONOPKA D.C. Bar # 495257
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 616-5309

9

## CERTIFICATE OF SERVICE

I certify that on this ___28th___ day of August, 2006, a copy of the foregoing Defendant's

Response to Plaintiff's First through Sixth Requests for Production of Documents and Certificate

Regarding Discovery was served by Federal Express upon:

James T. Walker
136 West Quail Lane
La Plata, MD 20646

/s/
_____
KATHLEEN KONOPKA D.C. Bar # 495257
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 616-5309