**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2006 DEC 22 PM 10: 35

NANCY M.
MAYER-WHITTINGTON
CLERK

| | |
|---|---|
| James T. Walker, | ) |
| | ) |
| | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Civil Action |
| | ) No.05-2118 |
| | } (ESH/DAR) |
| | ) |
| | ) |
| Stephen L. Johnson, Administrator | ) |
| US Environmental Protection Agency | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **DEFENDANT** | ) |
| | ) |

## MOTION TO COMPEL DISCOVERY

Pursuant to Rule 26(b) (1), Federal Rules of Civil Procedures, Plaintiff, Dr.

James T. Walker, hereby moves for entry of an Order compelling Defendant to

produce discovery and states:

## I. PROCEDURAL BACKGROUND

Plaintiff is a Black African-American male who works as a senior

environmental scientist at the United States Environmental Protection Agency

("USEPA").

On October 31, 2005, he, on his behalf, filed the above captioned case to address a continuous pattern of discrimination on the accounts of race, sex, and retaliation, in violation of the Civil Rights Act of 1964, as amended, Equal Employment Opportunity Act of 1992, 42 U.S.C. §2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. §1981a. Plaintiff alleges that, since the beginning of his employment at EPA he has experienced a continuous pattern of employment discrimination by the Defendant, due to his personnel policies, procedures, and practices in the areas of promotion and retaliation for engaging in EEO activity.

On February 2, 2006, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On March 22, 2006, in response to that Motion, Plaintiff filed a Motion for Continuance to Conduct Discovery, in which the Defendant filed his response on March 30, 2006. After Plaintiff's reply and a subsequent hearing, which was held on April 18, 2006, this Court issued a Minute Order denying without prejudice Defendant's Motion to Dismiss and Motion for Summary Judgment and granted Plaintiff's Motion for Continuance to · Conduct Discovery. Afterwards a Scheduling Order was issued indicating the beginning and ending of discovery. Plaintiff submitted six requests for production of documents and Defendant responded to those requests on August 28, 2006. Because Defendant's response was inappropriate, this Court, on December 8, 2006, Ordered Plaintiff to file his Motion to Compel Discovery by December 22, 2006.

## II. Legal Authority

Pursuant to the Federal Rules of Civil Procedures 26(b) (1). discovery may
be obtained by "any party if the information sought is "not privileged" and is
"relevant to the claim or defense of any party." This information includes the
existence, description, nature, custody, condition, and location of any books,
documents, or other tangible things that are "reasonably calculated to lead to the
discovery of admissible evidence." *GFL Advantage Fund, Ltd. v. Colkitt*, 216
F.R.D. 189,194 (D.D.C. 2003); *see also Mitchell v. Amtrak*, 208 F.R.D. 455, 459
(D.D.C. 2002). The court has the authority to "confine discovery to the claims and
defenses asserted in the pleadings." Furthermore, "discovery rules "are to be
accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495,507
(1947). "When the discovery sought appears relevant, the party resisting the
discovery has the burden to establish the lack of relevance by demonstrating that
the requested discovery either does not come within the broad scope of relevance
as defined under Fed. R. Civ. P. 26(b) (1) or is of such marginal relevance that the
potential harm occasioned by discovery would outweigh the ordinary presumption
in favor of broad disclosure." Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470-
71 (N.D. Tex.2005) (quoting Scott v. Leavenworth Unified School Dist. No.
453,190 F.R.D. 583, 585 (D. Kan. 1999)).

The Federal Rules of Civil Procedure encourage the exchange of
information through broad discovery." In re England, 375 F.3d 1169, 1177 (D.C.
Cir. 2004). A party resisting discovery based on relevance "bears the burden of

demonstrating that the information sought is not legally relevant." Chubb

Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58, n.3 (D.D.C. 1984).

Likewise, a party opposing discovery based on burden "must make a specific

showing, supported by declaration, as to **why** the production sought would be

unreasonably burdensome." Pleasants v. Allbaugh, 208F.R.D. 7, 12 (D.D.C. 2002)

(citing Pro-Football, Inc. v. Harjo, 191 F. Supp. 2d 77, 80 (D.D.C.2002).

### III.  REQUESTED DISCOVERY

Pursuant to this Court's Scheduling Order, Plaintiff submitted discovery

requests to the USEPA to produce the following documents for review:

1.     All documents, which are in Defendant's possession, custody, or
control that are related to all of the EEOC complaints that the Plaintiff has
filed since 1990.

2.     Personnel files of the following individuals:

1.  Ramona Trovato
2.  Margo Oge
3.  Margaret Oge
4.  Bob Sonawane
5.  Michael Callahan
6.  Paula Goode
7.  Kathleen Reed
8.  James T. Walker
9.  Charles Ris

3.     All documents from EPA's Office of Civil Rights files relating to all
EEOC complaints brought against the following individuals:

1.  Ramona Trovato
2.  Margo Oge
3.  Margaret Oge
4.  Bob Sonawane
5.  Michael Callan

4

6. Paula Goode
7. George Alapas
8. Charles Ris
9. David Bussard
10. Peter Preuss
11. Art Payne
12. William Farland
13. Karen Higginbotham

4.    Documents from NCEA's electronic files showing all "global" emails sent by NCEA employees (including managers) since 1995. All documents identifying all EPA, ORD, and NCEA policies regarding the sending of "global" emails. All documents in NCEA's possession or files that identifies all admonishments sent by NCEA managers to NCEA employees for sending "global" email. All notes and email correspondence made between Charles Ris and George Alapas, Charles Ris and Peter Preuss, and George Alapas and his upper management regarding the "global" email issue.

5.    Documents from EPA's Office of Civil Rights files relating to all EEOC complaints brought against the US EPA by the following individuals:

1. Dr. Jane Caldwell
2. Dr. Marsha Coleman-Adebayo; and
3. Dr. Marsha Marsh.

6.    Each and every document or records that the Defendant will rely on to defend against the Plaintiff's Compliant in this case and indicate to which Compliant the documents relate

7.    Any document or evidence, which the Defendant will/might consider admissions and/or impeaching evidence or materials.

8.    Any and all documents, writings, reports, tape recording, videos, photographs, or other exhibits that the Defendant intends to offer at the trial in this matter.

## IV. ARGUMENT

Plaintiff asserts that all of the documents described in the above are

reasonably calculated to lead to the discovery of evidence relating to the

5

allegations that he brought forth in this case. Accordingly, he argues that they all fall within the scope of discovery permitted under Rule 26(b) (1).

In Defendant's general objection to Plaintiff's request for production of documentation, he asserts that the requests seek information that is neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, they are vague, ambiguous, overly broad, oppressive, and/or unduly burdensome, they seek documents or information not in the possession, custody, or control of Defendant and they seek discover work product or legal theory or strategy. In response to this objection, Plaintiff argues that Defendant cannot respond to a Rule 26(b) (1) request for documentation by merely stating an objection. As indicated in the above, the Defendant carries the burden of demonstrating that the information sought by Plaintiff is not legally relevant, unreasonably burdensome, oppressive, vague, etc., Defendant has failed to make any specific showing or meet that burden.

With regards to the first category of documents, Defendant asserts that, in addition to his general objection, the ROIs for five cases were provided to Plaintiff and there exist no ROIs for the three remaining cases. Plaintiff responds by first arguing that the ROIs were not the only documents that he had asked for. He had requested "all" documents in Defendant's possession that were related to his EEOC complaints. Secondly, the Defendant did not provide ROIs for all five of those cases.

6

With regards to the second category of documents, Defendant objected because Paula Goode's personnel file was no longer in his possession, custody, or control and because "Ms. Goode is no longer employed by the EPA." In response, Plaintiff argues that although Paula Goode is no longer with EPA, the Defendant still has access to her EPA files, which are in EPA storage. location. Her EPA personnel records are retrievable and, therefore, should be accessible for this request. Defendant has also indicated that the Department of Defense has agreed to make select documents available to Plaintiff from Goode's file. In response, Plaintiff argues that he is entitled to review all information from her files that is not "privileged" and "relevant to his claim or defense, not just those parts of the files that the Defendant "selects" and "deems" relevant. For the remaining seven individuals on the list, Defendant objected to the review of their files on the grounds that "all material possessed in those files are irrelevant in the context of this litigation, that the request is overbroad and unduly burdensome, that none of these individuals are possible comparators with Plaintiff, that several of these individuals were not in a position to impact Plaintiff's employment status during the period relevant to this complaint, that material in their files would not reasonable lead to the discovery of admissible evidence regarding the particular claims at issue and, that the responsive documents contain information protected by the Privacy Act. In response to this objection, Plaintiff first asserts that Defendant still has the burden of demonstrating that the information sought by Plaintiff is not legally relevant, unreasonably burdensome, oppressive, vague, etc.,

7

Defendant has failed to meet that burden. Plaintiff also argues that, except for

three of those individuals, the individuals listed in his request were/are in his chain

of command and were/are alleged discrimination officials who negatively affected

his employment status during the relevant period. He further argues that the

information in these individuals' personnel files should lead to the discovery of

admissible evidence. Furthermore, the issue of protection under the Privacy Act

can easily resolved by covering over or deleting all information that has privacy

implications.

    With regards to the third category of documents, Defendant noted that

several of the individuals listed in Plaintiff's request "played no role in

considering or effectuating any alleged adverse actions in question in this

litigation," and objected on the basis that the request "is overbroad and unduly

burdensome." Furthermore, Defendant objected because he "does not maintain its

EEO files based on alleged discriminating official names" and without those

names he is "unable to search for responsive documents. Finally, he objected

because the "responsive documents would contain information protected by the

Privacy Act as to the complainants the alleged discrimination officials, and

potentially as to any witnesses or other mentioned parties." In response, Plaintiff

argues that all but three of these individuals listed were/are his line managers and

played a significant "role in considering or effectuating the alleged adverse actions

in question in this litigation." Plaintiff argues that Defendant's argument that he is

"unable to search for responsive documents by names" is without merit. His

8

Office of Civil Rights maintains yearly statistical data on the number and type of discrimination complaints that are filed throughout the EPA. These data are broken down by regions, AAships, Offices, and the names of the complainants and the alleged discriminating officials.

With regards to the fourth category of documents, Defendants objected on the basis of relevancy and that he has no feasible way of searching for all "global" emails sent by NCEA employees with the last eleven years and a manual search of the email accounts of all NCEA employees would be prohibitively costly and time consuming and that because an employee's erasure of an email might render such document eternally irretrievable, search would have no guarantee of being productive. Plaintiff responds by asserting that EPA has a backup and archival system in place, which stores emails. All deleted emails are retrievable with little difficulty.

With regards to the fifth category of documents, Defendant objected because supposedly "none of the listed individuals have ever been supervised by Plaintiff's chain of command or alleged discrimination official indicated in the instant litigation" and if the documents exist, "they would contain information protected by the Privacy Act." In response, Plaintiff argues that Drs. Caldwell and Marsh, like the Plaintiff, work in the National Center for Environmental Assessment and are supervised by the same Office Director. Furthermore, like the Plaintiff, they both have filed discrimination complaints against EPA and their cases are currently being litigated. Dr. Adebayo, also a Black African-American

scientist, has filed discrimination complaints against the EPA, one of which she has already won, making the USEPA liable for close to ½ million dollars.

With regards to the sixth, seventh, and eighth categories of documents, all of these documents are discoverable.

## V. CONCLUSION

**WHEREFORE,** Plaintiff asserts that all of the documents that he requested are reasonably calculated to lead to the discovery of evidence relating to the allegations that he brought forth in this case and they all fall within the scope of discovery permitted under Rule 26(b)(1). He further asserts that Defendant cannot respond to a request for documentation by merely stating an objection. As indicated in the above, the Defendant carries the burden of demonstrating that the information sought by Plaintiff is not legally relevant, unreasonably burdensome, oppressive, vague, etc. Defendant has failed to meet that burden . Plaintiff is hereby asking this Court to issue an Order compelling discovery.

Respectfully Submitted


_____

James T. Walker, *Pro Se*
136 West Quail Lane
La Plata, Maryland 20646
(301) 654-6376

10

## CERTIFICATE OF SERVICE

I, James T. Walker, hereby state that, on this date December 22, 2006, I mailed/e-mailed a copy of this "MOTION TO COMPEL DISCOVERY" to:

Alexander Daniel Shoaibi
Assistant United States Attorney
555 Fourth Street, NW
Room E4218
Washington, DC 20530

Email:      Alexander.d.shoaibi@usdoj.gov

_____

James T. Walker, *Pro Se*
136 West Quail Lane
La Plata, Maryland 20646
(301) 654-6376

11