# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 JAN 25  PM 11: 53

NANCY M.
MAYER-WHITTINGTON
CLERK

|  |  |  |
|---|---|---|
| James T. Walker, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action |
| | ) | No.05-2118 |
| | } | (ESH/DAR) |
| | ) | |
| | ) | |
| Stephen L. Johnson, Administrator | ) | |
| US Environmental Protection Agency | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO HIS MOTION TO COMPEL DISCOVERY

Plaintiff now responds to Defendant's opposition to his motion to compel discovery and states :

### I. Preliminary Statement

Plaintiff is a Black African-American male who works as a senior environmental scientist at the United States Environmental Protection Agency ("USEPA").

On October 31, 2005, he, on his behalf, filed the above captioned case to address a continuous pattern of discrimination on the accounts of race, sex, and retaliation, in violation of the Civil Rights Act of 1964, as amended, Equal Employment Opportunity Act of 1992, 42 U.S.C. §2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. §1981a. Plaintiff alleges that, since the beginning of his employment at EPA he has experienced a ***continuous pattern of employment discrimination*** (See Exhibit# I at page ) by the Defendant, due to his personnel policies, procedures, and practices in the areas of promotion and retaliation for engaging in EEO activity.

On February 2, 2006, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On March 22, 2006, in response to that Motion, Plaintiff filed a Motion for Continuance to Conduct Discovery, in which the Defendant filed his response on March 30, 2006. After Plaintiff's reply and a subsequent hearing, which was held on April 18, 2006, this Court issued a Minute Order denying without prejudice Defendant's Motion to Dismiss and Motion for Summary Judgment and granted Plaintiff's Motion for Continuance to Conduct Discovery. Afterwards a Scheduling Order was issued indicating the beginning and ending of discovery. Plaintiff submitted six requests for production of documents and Defendant responded to those requests on August 28, 2006. Because Defendant's response was inappropriate, this Court, on December 8, 2006, Ordered Plaintiff to file his Motion to Compel Discovery by December 22, 2006.

2

## II. Legal Authority

Pursuant to the Federal Rules of Civil Procedures 26(b) (1). discovery may be obtained by "any party if the information sought is "not privileged" and is "relevant to the claim or defense of any party." This information includes the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things that are "reasonably calculated to lead to the discovery of admissible evidence." *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189,194 (D.D.C. 2003); *see also Mitchell v. Amtrak*, 208 F.R.D. 455, 459 (D.D.C. 2002). The court has the authority to "confine discovery to the claims and defenses asserted in the pleadings." Furthermore, "discovery rules "are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495,507 (1947). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b) (1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470-71 (N.D. Tex.2005) (quoting Scott v. Leavenworth Unified School Dist. No. 453,190 F.R.D. 583, 585 (D. Kan. 1999)).

The Federal Rules of Civil Procedure encourage the exchange of information through broad discovery." In re England, 375 F.3d 1169, 1177 (D.C.

Cir. 2004). A party resisting discovery based on relevance "bears the burden of

demonstrating that the information sought is not legally relevant." Chubb

Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58, n.3 (D.D.C. 1984).

Likewise, a party opposing discovery based on burden "must make a specific

showing, supported by declaration, as to **why** the production sought would be

unreasonably burdensome." Pleasants v. Allbaugh, 208F.R.D. 7, 12 (D.D.C. 2002)

(citing Pro-Football, Inc. v. Harjo, 191 F. Supp. 2d 77, 80 (D.D.C.2002).

### III.  REQUESTED DISCOVERY

Pursuant to this Court's Scheduling Order, Plaintiff submitted discovery

requests to the USEPA to produce the following documents for review:

1.    All documents, which are in Defendant's possession, custody, or
control that are related to all of the EEOC complaints that the Plaintiff has
filed since 1990.

2.    Personnel files of the following individuals:

   1. Ramona Trovato
   2. Margo Oge
   3. Margaret Oge
   4. Bob Sonawane
   5. Michael Callahan
   6. Paula Goode
   7. Kathleen Reed
   8. James T. Walker
   9. Charles Ris

3.    All documents from EPA's Office of Civil Rights files relating to all
EEOC complaints brought against the following individuals:

   1. Ramona Trovato
   2. Margo Oge
   3. Margaret Oge

4.  Bob Sonawane
5.  Michael Callahan
6.  Paula Goode
7.  George Alapas
8.  Charles Ris
9.  David Bussard
10. Peter Preuss
11. Art Payne
12. William Farland
13. Karen Higginbotham

4.    Documents from NCEA's electronic files showing all "global" emails sent by NCEA employees (including managers) since 1995. All documents identifying all EPA, ORD, and NCEA policies regarding the sending of "global" emails. All documents in NCEA's possession or files that identifies all admonishments sent by NCEA managers to NCEA employees for sending "global" email. All notes and email correspondence made between Charles Ris and George Alapas, Charles Ris and Peter Preuss, and George Alapas and his upper management regarding the "global" email issue.

5.    Documents from EPA's Office of Civil Rights files relating to all EEOC complaints brought against the US EPA by the following individuals:

1.  Dr. Jane Caldwell
2.  Dr. Marsha Coleman-Adebayo; and
3.  Dr. Marsha Marsh.

6.    Each and every document or records that the Defendant will rely on to defend against the Plaintiff's Compliant in this case and indicate to which Compliant the documents relate

7.    Any document or evidence, which the Defendant will/might consider admissions and/or impeaching evidence or materials.

8.    Any and all documents, writings, reports, tape recording, videos, photographs, or other exhibits that the Defendant intends to offer at the trial in this matter.

## IV. ARGUMENT

Plaintiff asserts that all of the documents described in the above are reasonably calculated to lead to the discovery of evidence relating to the allegations that he brought forth in this case. Accordingly, he argues that they all fall within the scope of discovery permitted under Rule 26(b) (1).

In Defendant's general objection to Plaintiff's request for production of documentation, he asserts that the requests seek information that is neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, they are vague, ambiguous, overly broad, oppressive, and/or unduly burdensome, they seek documents or information not in the possession, custody, or control of Defendant and they seek discover work product or legal theory or strategy. In response to this objection, Plaintiff argues that Defendant cannot respond to a Rule 26(b) (1) request for documentation by merely stating an objection. As indicated in the above, the Defendant carries the burden of demonstrating that the information sought by Plaintiff is not legally relevant, unreasonably burdensome, oppressive, vague, etc. Defendant has failed to make any specific showing or meet that burden.

## I.  Defendant Did Not Comply With Respect to Plaintiff's First Discovery Request.

Defendant did not comply with respect to Plaintiff's first discovery request. Since his EEO actions, Plaintiff and his wife lost their house and all EEO related records due to a tornado in 2002. The records that he asked for are vital to him

6

showing that he experienced a continuous pattern of discrimination that did not change when he went from OAR to ORD.  Defendant did not produce all the records that were in his possession and therefore was not responsive to his request. The ROIs are not the only records in Defendant's possession that are discoverable and related to Plaintiff's EEO complaints.  If OCR destroyed any records, then Defendant should produce evidence of that.  Furthermore, Plaintiff is not only asking for records from OCR, but all related records or documents within the Agency that he can used to defeat Defendant's Motion for Summary Judgment and prove his allegations of discriminations.  He identified the kind of information that he needed in his Request for Continuance to Conduct Discovery.

## II.    Defendant Did Not Comply With Respect to Plaintiff's Second Discovery Request

Defendant did not comply with respect to Plaintiff's second discovery request.  As Plaintiff stated in his Motion to Compel Discovery, Defendant objected because Paula Goode's personnel file was no longer in his possession, custody, or control and because "Ms. Goode is no longer employed by the EPA." In response, Plaintiff argues that although Paula Goode is no longer with EPA, the Defendant still has access to her EPA files, which are in EPA storage. location. Her EPA personnel records are retrievable and, therefore, should be accessible for this request.  Defendant has also indicated that the Department of Defense has agreed to make select documents available to Plaintiff from Goode's file.

7

In response, Plaintiff again argues that he is entitled to review all information from her files that is not "privileged" and "relevant to his claim or defense, not just those parts of the files that the Defendant "selects" and "deems" relevant. Furthermore, Defendant's argument that he does not "have no legal obligation to facilitate Plaintiff's request" fails, because although the Defendant cannot not facilitate his request, counsel for the Defendant can, because he represents "all" government agencies, including the DOD.

## III. Defendant Did Not Comply With respect to Plaintiff's Third Discovery Request

Plaintiff's request for OCR records of line managers have not been honored. This information is relevant to showing whether or not the alleged discrimination officials have a history of discrimination complaints against them and what kind. As he stated in his Motion to Compel Discovery, all but three of these individuals listed were/are his line managers and played a significant "role in considering or effectuating the alleged adverse actions in question in this litigation." Furthermore, Plaintiff would like access to the full files, not just select information that the Defendant deems relevant.

For Ramona Travota, Defendant asserts that she never "actually served in any supervisory capacity vis-à-vis Plaintiff's during his tenure in OAR." Plaintiff argues that that statement is incorrect. Discovery will show that Travota was his line manager for approximately six months before he left to go to ORD. In fact, she signed the transfer and signed paperwork for Plaintiff to be promoted as a

8

result of a discrimination complaint that was brought against her predecessor,

Margo Oge. Her OPF file will confirm when she was officially assigned to OAR

from her previous office. Defendant also claims that Margaret Kelley's OPF "will

unlikely contain any material relevant to Plaintiff's instant litigation." Plaintiff

disagrees. Plaintiff recollects that Margaret Kelley worked with Travota, possibly

as a SME, while they were in the OAR. Plaintiff also remembers reading in the

record that Paula Goode worked before with both Kelley and Travota, while they

were in OAR. The OPF's of all of these individuals are to show that these folks

worked together before Goode applied for and was selected for the position for

which Plaintiff had applied. The OPF files will show that Travota and Kelley

made false statements in signed affidavits saying that they did not know any of the

applicants for that position.

Margo Oge does have a connection to the instant litigation. Margo Oge

was Plaintiff's Office Director before Travota. She was an alleged discriminating

official in two of the complaints that Plaintiff had filed against the Defendant

during his tenure in OAR. Plaintiff also filed a complaint in the Office of Special

Counsel against Oge for nepotism, which may explain why she was transferred to

another office and was replaced by Travota. Oge's OPF files will confirm when

she left OAR and when she was replaced by Travota.

Kathleen Reed was a summer intern from the University of Maryland and

was working under EPA's Environmental Career's Opportunity (ECO) Program.

Plaintiff did not have any altercation with her. Plaintiff's supervisor retaliated

9

against him and issued a letter of reprimand because he made an inquiry with the University about Reed making false statements on her employment applications and attempting to influence a government official in contract related matters. Reed's OPF files are needed to prove that she was treated differently than Plaintiff. Plaintiff alleges that she was, which is the basis for one of his complaints. The Office of Environmental Justice has all files under the ECO program and should be easily accessible to Defendant.

## IV.    Defendant Did Not Comply With Respect to Plaintiff's Fourth Discovery Request

Plaintiff responds by asserting that EPA has a backup and archival system in place, which stores emails. All deleted emails are retrievable with little difficulty. Plaintiff asserts that this information would likely show that, although many non-work related "global" emails were sent out by white staff in his Office, he was the only one who was admonished by his line managers for sending an email that was work related. Furthermore, this information will likely show that the real reason for the admonishment was because of retaliation. Defendant's response was inadequate and therefore did not comply with Plaintiff's request.

## V.    Defendant Did Not Comply With Respect to Plaintiff's Fifth Discovery Request

Drs. Caldwell and Marsh, like the Plaintiff, work in the National Center for Environmental Assessment and are supervised by the same Office Director, Dr. Preuss. Furthermore, like the Plaintiff, they both have filed discrimination

complaints against EPA and their cases are currently being litigated. Dr.

Adebayo, like Plaintiff, is also a Black African-American scientist, has filed

discrimination complaints against the EPA, one of which she has already won,

making the USEPA liable for close to ½ million dollars. Information from

Caldwell's and Marsh's files will be helpful to Plaintiff in showing that he works

in Office environment that condones discriminatory behavior of its managers. Dr.

Adebayo files will be helpful in showing that there is an Agency-wide pattern of

discrimination against Black African-American scientists that is condoned by the

Defendant.

With regards to the sixth, seventh, and eighth categories of documents, all

of these documents are discoverable.

### V.  CONCLUSION

**WHEREFORE,** Plaintiff asserts that all of the documents that he

requested are reasonably calculated to lead to the discovery of evidence relating to

the allegations that he brought  forth in this case and they all fall within the scope

of discovery permitted under Rule 26(b)(1).  As indicated in the above, the

Defendant carries the burden of demonstrating that the information sought by

Plaintiff is not legally relevant, unreasonably burdensome, oppressive, vague, etc.

Defendant has failed to meet that burden.

Respectfully Submitted

James T. Walker

11

James T. Walker, *Pro Se*
136 West Quail Lane
La Plata, Maryland 20646
(301) 654-6376


## CERTIFICATE OF SERVICE


I, James T. Walker, hereby state that, on this date January 25, 2007, I

mailed/emailed a copy of this "**PLAINTIFF'S RESPONSE TO**

**DEFENDANT'S OPPOSITION TO HIS MOTION TO COMPEL**

**DISCOVERY**

" to:

> Alexander Daniel Shoaibi
> Assistant United States Attorney
> 555 Fourth Street, NW
> Room E4218
> Washington, DC 20530

Email:

_____
James T. Walker