# Exhibit 12

## Declaration of Tonya Hamlett

I, Tonya Hamlett, make the following statement, with knowledge that any material false representation on my part, would subject me to a charge of perjury.

1. I presently serve as a Lead Program Analyst in the Resources Management Branch of the Communications, Information & Resources Management Division, in the Office of Solid Waste, in the Office of Solid Waste and Emergency Response.

2. At the time that the matters which I am addressing in this declaration occurred, I was serving as the National Program Manager for Preventing Violence in the Workplace, and I was assigned to the Labor and Employee Relations Staff (LERS) in the Office of Human Resources and Organizational Services (OHROS).

3. In my capacity as the National Program Manager, I was asked by management in the Office of Research and Development's (ORD) National Center for Environmental Assessment (NCEA) to intervene in an incident involving Dr. Walker and a female co-worker.

4. After interviewing Dr. Walker and the young woman with whom the altercation had occurred, I advised NCEA management to send both individuals home for the remainder of the work week, approximately two hours on the day of the episode, which was a Thursday, and the full following day. It is my understanding that NCEA management complied with my recommendation for a cooling off period.

5. I conducted a review of the incident in question and concluded that there was insufficient evidence to sustain a finding that anyone had acted violently. I communicated such a finding to NCEA management, and it was my understanding that Dr. Walker's supervisors were prepared to regard the matter as closed and intended to convey such posture to him.

6. At some point in time after I had concluded my investigation, Dr. Walker called me to inquire about the status of his "case," and, because of his degree of agitation over the matter, I, in a break with my usual protocol, issued him a memorandum noting that the case had been closed without any definitive findings.

7. In connection with my responsibilities in LERS, I later became aware that Dr. Walker had received a Letter of Reprimand, which was supposed to be placed in his Official Personnel File (OPF) for up to two years.

8. I became aware of such matter only when OHROS received a request from NCEA management to remove this reprimand a few months before the expiration of the full two year period. It is my understanding that Dr. Walker had been lobbying his management for the premature removal of his reprimand, and that NCEA had acceded to such request.

9. I was tasked with the responsibility of physically removing the document from Dr. Walker's OPF.

10.  When I retrieved the OPF, however, it did not contain a Letter of Reprimand. I advised NCEA management of such fact, and I personally communicated this fact to Dr. Walker as well.

11.  Despite having been advised of the absence of the Letter of Reprimand in his OPF, Dr. Walker insisted upon its return. Normally, an employee will be given the original copy that was filed in his OPF, but since that was impossible in this instance, I provided Dr. Walker with a xeroxed copy that I located in LERS' files. I believe that a colleague of mine, Christa Scott, worked with NCEA management with respect to the issuance of the Letter of Reprimand. I played no role in that process.

12.  I am confident that no one outside of OHROS and the contractor maintaining Agency OPFs would have had access to the original reprimand in Dr. Walker's OPF. In addition, when such authorized persons examine an employee's OPF they must make a record of having done so and of any additions/deletions they might effect.

13.  At the time that I retrieved Dr. Walker's OPF for the purpose of removing the Letter of Reprimand, it did not bear any markings that would suggest that the Letter of Reprimand had ever been placed in his OPF or that such a document had ever been removed.

14.  There is a formal process in OHROS for ensuring that official documents get placed in employees' OPFs, but, based on the circumstances noted above, I would have to say that that process broke down somewhere in connection with Dr. Walker's Letter of Reprimand, which it is clear to me was never filed in his OPF.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on February 14, 2006.

*[signature]* 2/14/06
Tonya Hamlett
Lead Program Analyst
Communications, Information & Resources
    Management Division
Office of Solid Waste
Office of Solid Waste and Emergency Response