# Exhibit 21

AFFIDAVIT OF TONYA HAMLETT, WASHINGTON, D.C.

I, Tonya Hamlett (African-American, Brown, female) Labor-Management Relations Specialist, GS-0233-13, Labor and Employment Relations Staff/Office of Human Resources and Organizational Services, U.S. Environmental Protection Agency (EPA), make the following statement, freely and voluntarily to John L. Musa, who has identified himself to me as an EEO Contract Investigator for the Environmental Protection Agency (EPA), investigating a complaint of discrimination filed by James T. Walker, knowing that this statement may be used in evidence. I understand this statement is not confidential and may be shown to any interested party.

My first and second line supervisors are, respectively, Steve Sharfstein, Director, LERS; and Rich Bashar, Acting Deputy Director, Office of Human Resources and Organizational Services. My recollection of the basic facts of the issues under investigation are as follows:

ISSUE #1: On Thursday, August 27, 1998, my first line supervisor, Mr. Sharfstein, assigned me to look into a matter which was conveyed to him by Arthur Payne in the NCEA office in Washington, DC, regarding a violence in the workplace (VIWP) incident between Mr. James T. Walker and an ECO intern named Kathleen Reed. To find out what happened between the two parties, I initially interviewed Ms. Reed about the alleged incident. Ms. Reed was crying, trembling and complaining about what had transpired between them. I then interviewed Mr. Walker and he was very hostile and resentful when introduced to me. It took several minutes to calm him down from yelling and rapidly pacing in the office. It appeared to me that both parties had different versions of the facts leading up to the incident. To harmonize what appeared to be a disruption of the working environment, I recommended to Mr. Payne and Mr. Charles Ris, the management officials I met with regarding the incident between Mr. Walker and Ms. Reed, to place the two parties on administrative leave as a cooling off period until Monday, August 31, 1998. In addition, I advised the managers to instruct Ms. Reed and Mr. Walker to refrain from further contact and to relocate Ms. Reed's workstation to another floor in the same building.

In recommending to management officials that Mr. Walker and Ms. Reed take administrative leave, I was acting as the Labor-Employee Relations representative called upon to inquire into the facts that led to the alleged VIWP incident. I was neither motivated by prejudice or discrimination of Mr. Walker or Ms. Reed because of his or her race, color and sex. I concluded from my initial inquiry into the matter between Mr. Walker and Ms. Reed that it was disruption of the workplace and the prudent action to recommend to management officials was for both parties to leave the work environment. It was a reasonable recommendation which was neither a punitive nor an adverse action against the disputing parties.

ISSUE #2: On September 9, 1998, Mr. Walker called me and made a request that I supply him with my interview notes on the incident that transpired between he and Ms. Reed because he was conducting an inquiry into what he was alleging as fraud against Ms. Reed for misrepresenting herself on certain matters she had claimed in her resume relating to academic work. I denied his request and informed him that the prior incident occurring on August 27, 1998, between he and Ms. Reed had led to no adverse action against him. (I later advised him of this via correspondence, dated October 28, 1998.) I then entreated him to discontinue his pursuit of the

matter because it was no longer an issue for the agency. What is more, I told Mr. Walker to refrain from conduct which might imply that he was acting on behalf of EPA in a matter he had no authority to look into. Mr. Walker said he understood my instructions.

Furthermore, I was advised by Mr. Sharfstein on November 6, 1998, via email, that Mr. Walker's management officials had informed him of Mr. Walker's unauthorized letter to the President of the University of Maryland on Agency letterhead. The letter at issue caused some concern to Agency management officials and they sought my professional advice on the matter. I gave them my professional advice on what cause of action to take within the context of the conduct Mr. Walker had engaged in. We discussed options management might undertake to resolve the matter. My professional recommendation to Mr. Walker's management officials was to suspend Mr. Walker for one week, but management's prerogative was to decide on a written letter of reprimand, dated December 3, 1998.

In discussing the matter with management officials and advising them on the options available to them in terms of conduct and discipline., my professional advice was not motivated by race, color, sex, or whether or not Mr. Walker had engaged in prior EEO activity. I have provided professional advice on such employment issues before and in those matters and with the issue currently EEO under investigation regarding Mr. Walker, I acted prudently and consistently within the scope of my authority regarding Labor and Employee relations on such Agency matters. I have consistently tried to work with Mr. Walker in resolving this matter. I have responded to his FOIA request, FOIA appeal, and both of his EEO complaints. I have consistently treated Mr. Walker with respect and professional courtesy for the last year and eight months he has pursued this issue. Thus, the allegation that I or management officials discriminated against or subjected Mr. Walker to disparate treatment on account of his race, color or sex in the two matters he has complained of is groundless.

I hereby solemnly swear: I have read the above statement consisting of two pages, and it is true to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

_____
Tonya Hamlett
Labor-Management Relations Specialist, USEPA

25 APRIL 2000
Date

Subscribed to and sworn to me, John L. Musa
This April 25, 2000. Witnessed by:

_____
John L. Musa
Contract EEO Investigator

April 26, 2000
Date